IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OCA – GREATER HOUSTON and MALLIKA DAS;<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF TEXAS; CARLOS CASCOS, in his official capacity as Texas Secretary of State and Chief Election Officer; WILLIAMSON COUNTY ELECTIONS DEPARTMENT; and CITY OF ROUND ROCK;<br><br>    Defendants. | CIVIL ACTION NO. <u>1:15-cv-00679</u> |

## COMPLAINT

Plaintiffs OCA - Greater Houston and Mallika Das ("Plaintiffs"), in their complaint against Defendants State of Texas, Carlos Cascos, in his official capacity as Texas Secretary of State and Chief Election Officer, Williamson County Elections Department, and City of Round Rock ("Defendants"), respectfully allege as follows:

## INTRODUCTION AND OVERVIEW

1.      This is an action to enforce the Voting Rights Act.

2.      Section 208 of the Voting Rights Act of 1965 ("VRA"), as amended (codified as 42 U.S.C. § 1973aa-6) guarantees "any voter who requires assistance to vote by reason of…inability to read or write may be given assistance by a person of the voter's choice other than the voter's employer or agent of that employer or officer or agent of the voter's union."

3.      Texas Election Code § 61.033 conflicts with the provisions of the Voting Rights Act by prohibiting voters with an inability to read or write English from receiving assistance by a

person of the voter's choice.  To the contrary, Section 61.033 only permits voters to use interpreters that are registered voters in the same county as the voter.

4.    This action seeks injunctive relief directing Defendants and all persons acting in concert with them not to deny voters who qualify for assistance under Section 208 an interpreter of their choice based on the interpreter's county of residence.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiffs' claim under 28 U.S.C. §§ 1331 and 1343(a)(4).

6.    Venue for this action is proper in the district in which the claim arose pursuant to 28 U.S.C. §§ 1391(b)(2) and 124(d)(1), the United States District Court for the Western District of Texas, Austin Division.

## PARTIES AND STANDING

7.    Plaintiff Mallika Das is a registered voter residing in Round Rock, Texas. She is limited English proficient ("LEP") and was harmed by Defendants not allowing her to use her son, Saurabh Das, as an interpreter to assist her in voting on October 31, 2014.

8.    Plaintiff Organization of Chinese Americans ("OCA") – Greater Houston is a not-for-profit membership organization, founded in 1979.  OCA – Greater Houston is dedicated to the national organization's mission of advocating for and protecting and advancing the rights of Chinese Americans and Asian Pacific Americans.  As part of its mission, OCA – Greater Houston promotes civic participation among Asian Americans, including by advocating voter registration and educating its members about the voting process.  OCA – Greater Houston has approximately 100 members in its chapter, many of whom are limited English proficient.

9.      Defendant State of Texas ("Texas") is one of the states of the United States of America.

10.      Defendant Carlos Cascos is the Texas Secretary of State. The Secretary of State serves as the Chief Election Officer of Texas and is responsible for administering the Texas Election Code. He is sued here for declaratory and injunctive relief in his official capacity.

11.      Defendants Williamson County and City of Round Rock ("Round Rock") are political and geographical subdivisions of the State of Texas, and are subject to the laws of Texas and the Voting Rights Act.

12.      Defendant Cascos's failure to instruct voting officials to comply with their legal obligations under Section 208 has caused, and will continue to cause unless remedied, OCA - Greater Houston to suffer legally cognizable injury.  Many of OCA - Greater Houston's members will not be able to effectively or fully participate in the election process without access to interpreters of their choice.  Furthermore, the unlawful restriction on interpreters of voters' choice has already required and will require OCA - Greater Houston to expend its limited funds and other resources to educate its members and other Asian American voters on how to vote - including instructions on requirements for interpreters of voters' choice - as well as provide other assistance in connection with upcoming elections.  These efforts would be unnecessary, and the expenses not incurred, if the Defendants were to comply with their legal obligations to instruct voting officials to allow voters to be assisted by interpreters of their choice, in accordance with Section 208 of the VRA.

13.      At all times, all Defendants acted under color of state law.

## RELEVANT LAW

14.     42 U.S.C. §1973aa-6 (Section 208 of the VRA) provides: "Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union."

15.     Under Texas law, two separate provisions in the Texas Election Code govern a voter's right to select an assistant of their choice for language interpretation when casting her ballot at the polling site.

16.     Under Texas Election Code § 64.0321, a voter may use an "assistor" of the voter's choice to help the voter understand and complete the ballot if the voter cannot read the language in which the ballot is written. Relevant parts of the language of this provision substantially mirror Section 208 of the VRA.

17.     Under Texas Election Code § 61.034, an "interpreter" of the voter's choice helps the voter understand and complete the ballot if a voter cannot comprehend the language in which the ballot is printed. There is no equivalent distinction in Section 208.

18.     Texas Election Code § 61.033 states that "[t]o be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." No same-county voter registration requirement is applicable when determining eligibility to serve as an "assistor". No such requirement exists in Section 208 of the VRA.

19.     This requirement that interpreters be registered voters in the same county as the voter is reinforced and repeated in the Secretary of State's Elections Division website under "voters with special needs."  The website states that those who cannot speak English may select a person

registered within their own county to assist in communicating with election officials.  *See* Exhibit 1.

## FACTS

20.     On October 31, 2014, Plaintiff Mallika Das attempted to vote with the assistance of her son, Saurabh Das, at the JB and Hallie Jester Annex located at 1801 E Old Settlers Boulevard in Round Rock. Mrs. Das had voted previously in 2012 in Williamson County without the aid of her son and found it difficult due to her limited English proficiency.

21.     Upon arrival, Saurabh introduced himself to the poll worker as his mother's interpreter. The poll worker asked Saurabh to clarify whether he intended to accompany his mother as her "assistor" or "interpreter."

22.     Saurabh stated that he intended to interpret for his mother, reasonably believing that the service he was to provide would be to assist his mother by interpreting the English ballot for his LEP mother.

23.     The poll official then asked whether Saurabh was a registered voter in Williamson County. Saurabh was registered in neighboring Travis County and responded accordingly.

24.     The poll worker stated that in order to be an "interpreter," Saurabh must be a registered voter in Williamson County and refused to allow him to assist his mother.

25.     Mrs. Das then entered the poll site without Saurabh. Ultimately, Mrs. Das was unable to vote properly for all of the electoral races since she was unable to sufficiently comprehend the ballot.

## FIRST CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. §1973aa-6)

26.     Plaintiffs restate and incorporate herein the allegations in the paragraphs above.

27.     Section 208 of the VRA provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. §1973aa-6.

28.     Under Section 208, a voter who is unable to read or write possesses the right to choose any person regardless of their place of voter registration to assist them at the poll site.

29.     In violation of Section 208, Defendants and their employees and agents failed to allow Mrs. Das the person of her choice to assist her by interpreting the ballot for her.

30.     Defendants' failure to allow eligible voters to receive necessary assistance from any person of their choice, other than their employers or union officials, as described herein, is a violation of Section 208 and harms Plaintiffs.

## SECOND CAUSE OF ACTION

## (VIOLATION OF 42 U.S.C. § 1983)

31.     Plaintiffs restate and incorporate herein the allegations in the paragraphs above.

32.     Section 208 of the VRA provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. §1973aa-6.

33.     A voter under Section 208 possesses the right to choose any person regardless of their place of registration to assist them at the poll site.

34.     In violation of Section 208, Defendants and their employees and agents failed to allow Mrs. Das the person of her choice to assist her by interpreting the ballot for her.

35.     Defendants' failure to allow eligible voters to receive necessary assistance from any person of their choice, other than their employers or union officials, as described herein, is a violation of Section 208.

36.     By depriving Plaintiffs of right and privileges under Section 208 of the VRA under the color of Texas Election Code § 61.034, Defendants have violated and are liable under 42 U.S.C. §1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs OCA – Greater Houston and Mallika Das pray that this Court:

a.  Issue a declaratory judgment declaring that Texas Election Code § 61.033 violates and is inconsistent with the provisions of Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

b.  Enjoin Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from engaging in any act or practice that denies the rights secured by Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

c.  Require Defendants to develop and implement a remedial plan to ensure that voters are permitted assistance from persons of their choice when they cast their ballots, in compliance with Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6.

d.  Awarding Plaintiffs attorneys' fees and costs under 42 U.S.C. §1973l(e);

e.  Awarding Plaintiffs attorneys' fees and costs under 42 U.S.C. §1988; and,

f.  Awarding such other equitable and further relief as the Court deems just and proper.

Dated: August 6, 2015

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ David M. Hoffman*
David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Telephone: 512-472-5070
Facsimile: 512-320-8935

**Asian American Legal Defense and
Education Fund ("AALDEF")**

Jerry Vattamala*
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: 212.966.5932
Facsimile: 212.966.4303
jvattamala@aaldef.org

**ATTORNEYS FOR PLAINTIFFS
OCA – GREATER HOUSTON and
MALLIKA DAS**

* To be admitted Pro Hac Vice