IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA-GREATER HOUSTON and MALLIKA DAS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-cv-00679-RP |
| STATE OF TEXAS; CARLOS CASCO, in his official capacity as Texas Secretary of State and Chief Election Officer; and WILLIAMSON COUNTY ELECTIONS DEPARTMENT, | § § § § § § | |
| Defendants | | |

## MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM FOR RELIEF

COMES NOW, WILLIAMSON COUNTY ELECTIONS DEPARTMENT, Defendant in the above styled and numbered cause, and pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, makes this motion to dismiss for failure to state a claim upon which relief can be granted. Defendant would respectfully show the Court as follows:

### I.
### FAILURE TO STATE A CLAIM

#### A.
#### Generally

**1.01** The Plaintiff has failed to state a claim upon which relief can be granted against Defendant Williamson County Elections Department under Section 208 of the Voting

Rights Act of 1965, 42 U.S.C. § 1983, or under any other statute, state law, constitutional theory or legal authority.

## B.
## Elections Department Is Not An Entity Capable of Being Sued

**1.02** The Williamson County Elections Department is not an entity (governmental, municipal or otherwise) capable of being sued independently as a "person" under 42 U.S.C. § 1983, but instead, is an agency or department of the governmental entity, Williamson County. *See, Jacobs v. Port Neches Police Dept't.,* 915 F. Supp. 842, 844 (E. D. Tex. 1996); Dean *v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (county sheriff's department not suable entity). *See also, Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313-14 (5th Cir. 1991) (finding city police department was not a separate legal entity capable of being sued on a Title VII claim); *Paredes v. City of Odessa*, 128 F.Supp.2d 1009, 1013-14 (W.D.Tex. 2000) (finding city police department was not subject to suit or liability under Section 1983 as it was not a separate legal entity capable of being sued). *Accord, Wilson v. City of New York*, 800 F. Supp.1098, 1101 (E.D.N.Y. 1992) (police department cannot be sued independently because it is an agency of the City of New York); *Fields v. Department of Corrections*, 789 F.Supp.20, 22 (D.D.C. 1992) (Department of Corrections not suable as a separate entity); *Boren v. City of Colorado Springs*, 624 F.Supp.474, 479 (D. Colo. 1985) (City police department is not a proper party defendant). On this ground alone, Plaintiff's claims should be dismissed.

## II.
## No Basis For Declaratory or Injunctive Relief

**2.01**     Plaintiffs have not stated or shown any justiciable basis for declaratory or injunctive relief in Plaintiffs' complaint. At best, assuming Plaintiffs' allegations to be true, *for arguments sake*, Plaintiffs have stated only that on one isolated occasion an individual called himself an "interpreter" and in the poll worker's judgment he was categorized as an "interpreter" under Section 61.033 Texas Election Code and he was not allowed to assist his mother in reading and understanding the ballot because he was not "a registered voter of the county in which the voter needing the interpreter resides", Williamson County, as required by Section 61.033 for interpretors. However, the individual (Plaintiff Das" son) could have offered aid or been allowed to assist as an "assistor" under Sections 64.031 and 64.0321, Texas Election Code and there is no requirement limiting an "assistor" to persons residing in the same county as the voter. Plaintiffs acknowledge that relevant parts of Section 64.0321 "substantially mirror Section 208" of the Voting Rights Act (*See Plaintiffs' Complaint, parag. 16*) and, accordingly, Texas law does allow for a voter to select a person of his choice to assist in reading and understanding the ballot and it is not in conflict with the Voting Rights Act (VRA).

**2.02**     Further, even assuming, *for arguments sake only*, that Williamson County has been made a party to this suit by suit upon the Williamson County Elections Department, one isolated, past incident is not a sufficient basis for injunctive and declaratory relief that Williamson County as a matter of policy and practice is violating the VRA or Plaintiffs' rights pursuant to 42 U.S.C. § 1983. In order to establish a claim for governmental liability under 42 U.S.C. § 1983, a plaintiff must allege and identify a policy or custom of the governmental entity (or of a final policy-maker of the governmental entity) that

caused a deprivation of the plaintiff's constitutional rights. *Monell v. New York City Department of Social Services,* 435 U.S. 658, 694-695, 98 S.Ct. 2018, 2037-2038 (1978); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001). If a plaintiff sues a governmental entity, the plaintiff can attach liability to the entity only by proving that an official policy or custom of the entity's final policy maker was the moving force in causing him to be subjected to a deprivation of a constitutional right. *Monell*, 98 S.Ct. at 2035-2036; *Piotrowski v. City of Houston,* 237 F.3d at 578-579. A single or isolated incident is not sufficient to show that a policy or custom exists. As the Fifth Circuit has noted, random incidents of misconduct or negligence by county employees do not constitute a custom or practice. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Palmer v. City of San Antonio,* 810 F.2d 514, 516-17 (5th Cir. 1987); *Jamieson v. Shaw*, 772 F.2d 1205, 1213 (5th Cir. 1985). To rise to the level of custom or practice, the practice must be customary, widespread and systematic. Isolated violations are not the persistent, often repeated constant violations that constitute custom or policy. *Id.* Plaintiff's complaint lacks any allegations of a Williamson County custom or policy causing the violations asserted and, as Texas law comports with the VRA, simply committing to follow Texas law alone is not a custom or policy that is a basis for County liability.

### III.
### PRAYER

WHEREFORE, Defendant Williamson County Elections Department prays that this cause be dismissed; that Plaintiffs take nothing by their suit; that Defendant recovers all costs; and for such other and further relief to which Defendant is entitled.

Respectfully submitted,

/s/ Henry W. Prejean
HENRY W. PREJEAN
Assistant County Attorney
Williamson County Attorney's Office
SBN 16245850
405 Martin Luther King St., Box 7
Georgetown, TX  78626
(512) 943-1111 Tel.
(512) 943-1431 Fax
email: hprejean@wilco.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David M. Hoffman
Fish & Richardson, P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Hoffman@fr.com

Laura A. Barbour
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 787111 - 2548
laura.barbour@texasattorneygeneral.gov

/s/ Henry W. Prejean_____
HENRY W. PREJEAN