IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 SEP 21  PM 12: 10
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ AD _____
               DEPUTY

| | |
|---|---|
| OCA – GREATER HOUSTON, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:15-cv-00679-RP |
| STATE OF TEXAS, et al., | |
| Defendants. | |

## AMENDED COMPLAINT

Plaintiffs, OCA – Greater Houston and Mallika Das ("Plaintiffs"), provide this amended complaint to explicitly include Williamson County as a party and to provide the allegations set forth below against Defendants State of Texas, Carlos Cascos, in his official capacity as Texas Secretary of State and Chief Election Officer, Williamson County, and Williamson County Elections Department ("Defendants"):

### INTRODUCTION AND OVERVIEW

1. This is an action to enforce the Voting Rights Act.

2. Section 208 of the Voting Rights Act of 1965 ("VRA"), as amended (codified as 42 U.S.C. § 1973aa-6), guarantees "any voter who requires assistance to vote by reason of . . . inability to read or write may be given assistance by a person of the voter's choice other than the voter's employer or agent of that employer or officer or agent of the voter's union."

3. Texas Election Code Section 61.033 conflicts with the provisions of the Voting Rights Act by prohibiting voters with an inability to read or write English from receiving assistance by a person of the voter's choice.  To the contrary, Section 61.033 only permits voters to use interpreters that are registered voters in the same county as the voter.

4. This action seeks injunctive relief directing Defendants and all persons acting in concert with them not to deny voters who qualify for assistance under Section 208 an interpreter of their choice based on the interpreter's county of residence.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' claim under 28 U.S.C. §§ 1331 and 1343(a)(4).

6. Venue for this action is proper in the district in which the claim arose pursuant to 28 U.S.C. §§ 1391(b)(2) and 124(d)(1), the United States District Court for the Western District of Texas, Austin Division.

## PARTIES AND STANDING

7. Plaintiff Mallika Das is a registered voter residing in Round Rock, Texas. She is limited English proficient ("LEP").

8. Ms. Das was harmed by Defendants' conduct in violation of Section 208, which prevented her from using her son, Saurabh Das, as an interpreter to assist her in voting on October 31, 2014.

9. Plaintiff Organization of Chinese Americans ("OCA") – Greater Houston is a not-for-profit membership organization, founded in 1979. OCA – Greater Houston is dedicated to the national organization's mission of advocating for and protecting and advancing the rights of Chinese Americans and Asian Pacific Americans. As part of its mission, OCA – Greater Houston promotes civic participation among Asian Americans, including advocating voter registration and educating its members about the voting process. OCA – Greater Houston has approximately 100 members in its chapter, many of whom are limited English proficient.

10. OCA was also harmed by Defendants' conduct, and will continue to be harmed, unless such conduct is remedied. Many of OCA – Greater Houston's members will not be able to effectively or fully participate in the election process without access to interpreters of their choice. Furthermore, the unlawful restriction on interpreters of voters' choice has already required and will require OCA – Greater Houston to expend its limited funds and other resources to educate its members and other Asian American voters on how to vote—including instructions on requirements for interpreters of voters' choice—as well as provide other assistance in connection with upcoming elections. These efforts would be unnecessary, and the expenses not incurred, if the Defendants were to comply with their legal obligations in accordance with Section 208 of the VRA. Members of OCA are also harmed by having their choice of an interpreter under Section 208 limited based on the interpreter's county of residence.

11. Defendant State of Texas is one of the states of the United States of America.

12. Defendant State of Texas caused Plaintiffs' harm set forth above at least by instructing county and local election officials to enforce Section 61.033 of the Texas Election Code, which impermissibly operates to deny voters an interpreter of their choice based on the interpreter's county of registration, and therefore conflicts with Section 208.

13. Defendant Carlos Cascos is the Texas Secretary of State. The Secretary of State serves as the Chief Election Officer of Texas and is responsible for administering the Texas Election Code. *See* Tex. Elec. Code Ann. § 31.001, 31.003 and 31.004. He is sued here for declaratory and injunctive relief in his official capacity.

14. Defendant Cascos caused Plaintiffs' harm set forth above by failing to instruct voting officials to comply with their legal obligations under Section 208. For example, instructions to enforce rules in violation of Section 208 are set forth repeatedly on the Secretary of State's

Elections Division website under "voters with special needs."[1] This website of the Secretary of State's office unambiguously instructs voting officials to only permit interpreters that are registered within their own county to assist voters. *See* attached Exhibit 1. Yet another section of the Secretary of State's website[2] publicizes a Handbook for Election Judges and Clerks that further instructs election officials to violate Section 208 with regard to the choice of interpreters. This Handbook promulgated by the Secretary of State is conspicuously marked on its cover as for use by "All Political Subdivisions" in the State of Texas in 2014 (*see* attached Exhibit 2), and is listed on the website as having been sent via email to "County Clerks, Elections Administrators, Cities, Schools and Other Political Subdivisions." Notably, the Handbook includes a section on "Using English and Interpreters." *Id.* at pg. 34. This section expressly instructs Texas voting officials to only allow interpreters that are "a registered voter of the county." *Id.*

15.   Defendant Williamson County is a political subdivision of the State of Texas, and is subject to the laws of Texas and the Voting Rights Act.

16.   Defendant Williamson County caused Plaintiffs' harm set forth above by directing its poll workers to restrict the voter's choice of assisting interpreter to other voters in the same county. Indeed, the Williamson County Elections Department website[3] provides a Poll Worker Training Guide expressly stating that "[i]f the assistant is an interpreter, the interpreter must be a registered voter of the voter's county." Attached Exhibit 3 at 3-23. Upon information and belief, this Training Guide is representative of the policy and/or custom of the Williamson County Elections Department directed and/or promulgated by the Elections Administrator, the election official of Williamson County.

---

[1] http://www.votetexas.gov/voters-with-special-needs/ (accessed September 14, 2015).
[2] http://sos.state.tx.us/elections/onlinepollworker.shtml (accessed September 14, 2015).
[3] http://www.wilco.org/CountyDepartments/Elections/Pollworkers/tabid/597/language/en-US/Default.aspx (accessed September 14, 2015).

17.     At all times, all Defendants acted under color of state law.

## RELEVANT LAW

18.     42 U.S.C. §1973aa-6 (Section 208 of the VRA) provides: "Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union."

19.     Under Texas law, two separate provisions in the Texas Election Code govern a voter's right to select an assistant of their choice for language interpretation when casting her ballot at the polling site.

20.     Under Texas Election Code § 64.0321, a voter may use an "assistor" of the voter's choice to help the voter understand and complete the ballot if the voter cannot read the language in which the ballot is written.  Relevant parts of the language of this provision substantially mirror Section 208 of the VRA.

21.     Under Texas Election Code § 61.034, an "interpreter" of the voter's choice helps the voter understand and complete the ballot if a voter cannot comprehend the language in which the ballot is printed.  There is no equivalent distinction in Section 208.

22.     Texas Election Code § 61.033 states that "[t]o be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." No same-county voter registration requirement is applicable when determining eligibility to serve as an "assistor".  No such requirement exists in Section 208 of the VRA.

23.     As noted above, this requirement that interpreters be registered voters in the same county as the voter is reinforced and repeated in the Secretary of State's Elections Division website under "voters with special needs."  The website states that those who cannot speak English may

select a person registered within their own county to assist in communicating with election officials. *See* Exhibit 1.

## FACTS

24. On October 31, 2014, Plaintiff Mallika Das attempted to vote with the assistance of her son, Saurabh Das, at the JB and Hallie Jester Annex located at 1801 E Old Settlers Boulevard in Round Rock. Ms. Das had voted previously in 2012 in Williamson County without the aid of her son and found it difficult due to her limited English proficiency.

25. Upon arrival, Saurabh introduced himself to the poll worker as his mother's interpreter. The poll worker asked Saurabh to clarify whether he intended to accompany his mother as her "assistor" or "interpreter."

26. Saurabh stated that he intended to interpret for his mother, reasonably believing that the service he was to provide would be to assist his mother by interpreting the English ballot for his LEP mother.

27. The poll official then asked whether Saurabh was a registered voter in Williamson County. Saurabh was registered in neighboring Travis County and responded accordingly.

28. In accordance with the Training Guide, the poll worker stated that in order to be an "interpreter," Saurabh must be a registered voter in Williamson County and refused to allow him to assist his mother.

29. Ms. Das then entered the poll site without Saurabh. Ultimately, Ms. Das was unable to vote properly for all of the electoral races since she was unable to sufficiently comprehend the ballot.

## FIRST CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. §1973aa-6)

30. Plaintiffs restate and incorporate herein by reference the allegations in the paragraphs above.

31. Section 208 of the VRA provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. §1973aa-6.

32. Under Section 208, a voter who is unable to read or write possesses the right to choose any person regardless of their place of voter registration to assist them at the poll site.

33. In violation of Section 208, Defendants and their employees and agents failed to allow Ms. Das the person of her choice to assist her by interpreting the ballot for her.

34. Defendants' failure to allow eligible voters to receive necessary assistance from any person of their choice, other than their employers or union officials, as described herein, is a violation of Section 208 and harms Plaintiffs.

## SECOND CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1983)

35. Plaintiffs restate and incorporate herein the allegations in the paragraphs above.

36. Section 208 of the VRA provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. §1973aa-6.

37. A voter under Section 208 possesses the right to choose any person regardless of their place of registration to assist them at the poll site.

38.     In violation of Section 208, Defendants and their employees and agents failed to allow Ms. Das the person of her choice to assist her by interpreting the ballot for her.

39.     Defendants' failure to allow eligible voters to receive necessary assistance from any person of their choice, other than their employers or union officials, as described herein, is a violation of Section 208.

40.     By depriving Plaintiffs of rights and privileges under Section 208 of the VRA under the color of Texas Election Code § 61.034, Defendants Carlos Cascos, in his official capacity as Texas Secretary of State and Chief Election Officer, and Williamson County, Williamson County Elections Department have violated and are liable under 42 U.S.C. §1983.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, OCA – Greater Houston and Mallika Das, pray that this Court:

a. Issue a declaratory judgment declaring that Texas Election Code § 61.033 violates and is inconsistent with the provisions of Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

b. Enjoin Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from engaging in any act or practice that denies the rights secured by Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

c. Require Defendants to develop and implement a remedial plan to ensure that voters are permitted assistance from persons of their choice when they cast their ballots, in compliance with Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6.

d. Award Plaintiffs their attorneys' fees and costs under 42 U.S.C. §1973l(e);

e. Award Plaintiffs their attorneys' fees and costs under 42 U.S.C. §1988; and,

  f. Award Plaintiffs such other and further relief at law and equity as the Court deems just and proper.

Dated: September 21, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____
David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Telephone: 512-472-5070
Facsimile: 512-320-8935

**Asian American Legal Defense and Education Fund ("AALDEF")**

Jerry Vattamala*
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: 212.966.5932
Facsimile: 212.966.4303
jvattamala@aaldef.org

**ATTORNEYS FOR PLAINTIFFS OCA – GREATER HOUSTON and MALLIKA DAS**

* Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed traditionally in compliance with Local Rule CV-5(a)(2) on all counsel of record and was served on counsel of record via electronic mail on September 21, 2015.

| | |
|---|---|
| Laura A. Barbour<br>Assistant Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, TX 78711-2548<br>Phone: 512-475-4099<br>Fax: 512-320-0067<br>laura.barbour@texasattorneygeneral.gov | Counsel for Defendants<br>STATE OF TEXAS and CARLOS CASCOS, in his official capacity as Texas Secretary of State and Chief Election Officer |
| Henry W. Prejean<br>Assistant County Attorney<br>Williamson County Attorney's Office<br>405 Martin Luther King St., Box 7<br>Georgetown, TX 78626<br>hprejean@wilco.org | Counsel for Defendant<br>Williamson County Elections Department |

By: _____
David M. Hoffman