IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OCA – GREATER HOUSTON, et al.,<br><br>　Plaintiffs,<br><br>　　v.<br><br>STATE OF TEXAS, et al.,<br><br>　Defendants. | CIVIL ACTION NO. 1:15-cv-00679-RP |

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS DEFENDANT WILLIAMSON COUNTY AND/OR WILLIAMSON COUNTY ELECTIONS DEPARTMENT**

## I.  INTRODUCTION

Plaintiffs have presented sufficient allegations in their Amended Complaint (the "Amended Complaint") to support meritorious claims against Defendant Williamson County, Williamson County Elections Department ("Defendant") pursuant to the Voting Rights Act of 1965 ("VRA") and 42 U.S.C. § 1983 ("Section 1983").  The Motion to Dismiss ("the Motion" or "Defendant's Motion") does not provide an adequate legal basis for this Court to dismiss either claim against Defendant.  As such, the Motion should be denied.

Plaintiffs are aware that the Elections Department is not an entity capable of being sued *independently*, and have no intent to accuse that entity separate and apart from the sponsoring political division of the state, Williamson County.  However, for purposes of clarity, Plaintiffs have amended their complaint (the "Amended Complaint) to more plainly indicate that the proper defendant is indeed Williamson County.  Notably, the Motion does not suggest that Williamson County is non-existent or exempt for the purposes of Plaintiffs' claims in the present case.

With respect to the claims asserted against Williamson County, the Motion first argues that Plaintiffs have not stated or shown any justiciable basis for declaratory or injunctive relief.  In doing so, Defendant insists that Plaintiffs rely solely on the incident involving Ms. Das to support the asserted claims.  The Motion further argues that Plaintiffs have failed to provide sufficient allegations to establish that Williamson County as a matter of policy and practice is violating the VRA or Plaintiffs' rights pursuant to Section 1983.  While Plaintiffs do not concede the validity of these arguments, Plaintiffs have amended their complaint, as detailed below, to more clearly state that the alleged harm to Plaintiffs was caused specifically by Defendant's conduct at a systematic custom and/or policy level, which led to the deprivation of Ms. Das's rights.  *See* Dkt. 14 at ¶ 16.

Plaintiffs' Amended Complaint makes all necessary allegations to sustain the causes of action at issue. Accordingly, this Court should deny Defendant's Motion.

## II.  LEGAL STANDARD

As the Fifth Circuit has noted, "[a] motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citations and internal quotation marks omitted). In deciding a motion to dismiss, this Court must accept all well-pleaded facts as true, viewing those facts in the light most favorable to the plaintiff. *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 614 (5th Cir. 2014) (citation omitted); *Rankin v. City of Wichita Falls*, 762 F.2d 444, 446 (5th Cir. 1985). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

## III.  ARGUMENT

### A.  Plaintiffs Have Stated a Claim For Relief

Defendant's arguments that Plaintiffs have failed to state a claim upon which relief can be granted are an attempt to shift the focus of scrutiny to the conduct of a local poll worker. To the extent that it was not made clear in Plaintiffs' initial filing, the Amended Complaint clearly states that Defendant Williamson County caused Plaintiffs' harm by directing its poll workers to restrict the voter's choice of an assisting interpreter to other voters in the same county. *See* Dkt. 14 at ¶ 16.

Plaintiffs understand that "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose

'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted).  Thus, the Amended Complaint identifies that the Williamson County Elections Department's website [1] provides a Poll Worker Training Guide expressly stating that "[i]f the assistant is an interpreter, the interpreter must be a registered voter of the voter's county." *See id.,* Exhibit 3 at 3-23.  The Amended Complaint further states that, upon information and belief, this Training Guide is representative of the policy and/or custom of the Williamson County Elections Department directed and/or promulgated by the Elections Administrator, the election official of Williamson County.  *See id.*  Thus, the Amended Complaint clearly identifies a policymaker (the Elections Administrator), an official policy (evidenced by the Training Guide), and a violation of Plaintiffs' rights that is directly related thereto (a denial of the voter's right to choose an interpreter of his or her choice).  Indeed, the poll worker who refused to allow Saurabh Das to assist his mother with voting acted in strict accordance with the Training Guide promulgated by Defendant.  *See id* at ¶ 28.  As such, not only was the conduct of the poll worker in violation of Section 208, but also and primarily the conduct of Defendant, which led the poll worker to act.

## IV.  CONCLUSION

For at least the foregoing reasons, Plaintiffs' Amended Complaint clearly sets forth a claim upon which relief can be granted with respect to Defendant Williamson County as Proxy for Williamson County Elections Department, and therefore the Motion under FRCP 12(b)(6) should be denied.

---

[1] http://www.wilco.org/CountyDepartments/Elections/Pollworkers/tabid/597/language/en-US/Default.aspx (accessed September 14, 2015).

Dated: September 21, 2015

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ David M. Hoffman*
David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Telephone: 512-472-5070
Facsimile: 512-320-8935

**Asian American Legal Defense and Education Fund ("AALDEF")**

Jerry Vattamala*
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: 212.966.5932
Facsimile: 212.966.4303
jvattamala@aaldef.org

**ATTORNEYS FOR PLAINTIFFS OCA – GREATER HOUSTON and MALLIKA DAS**

* Admitted Pro Hac Vice

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been electronically filed on September 21, 2015, and served on opposing counsel who are registered as filing users of the CM/ECF system pursuant to Local Rule 5(b)(1).

By:  /s/ *David M. Hoffman*  
    David M. Hoffman
