IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA-GREATER HOUSTON and MALLIKA DAS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.  1:15-cv-00679-RP |
| STATE OF TEXAS, et al., | § § § | |
| Defendants | § § | |

**MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM FOR RELIEF
(AS TO PLAINTIFF OCA-GREATER HOUSTON)**

COMES NOW, WILLIAMSON COUNTY, Defendant in the above styled and numbered cause, and pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, makes this motion to dismiss for failure to state a claim upon which relief can be granted. Defendant would respectfully show the Court as follows:

**I.
FAILURE TO STATE A CLAIM**

**Generally**

**1.01**  The Plaintiff, OCA-Greater Houston has failed to state a claim upon which relief can be granted against Defendant Williamson County under Section 208 of the Voting Rights Act of 1965, 42 U.S.C. § 1983, or under any other statute, state law, constitutional theory or legal authority.

**Lack of Standing: OCA-Greater Houston**

A.     **OCA-Greater Houston Lacks Third-Party Standing**

**1.02**   OCA-Greater Houston's claims should be dismissed because it lacks standing to assert a third-party's rights. Generally, a party "must assert his own rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975); *see Kowalski v. Tesmer,* 543 U.S. 125, 129 (2004). However, the Supreme Court has allowed third-party standing if three elements are met: (1) the litigant must have suffered an injury in fact giving the litigant a sufficiently concrete interest in the outcome of the issue in dispute; (2) the litigant must have a close relationship to the third party; and (3) there must exist some hindrance to the third party's ability to protect his or her own interests. *Powers v. Ohio*, 499 U.S. 400, 411 (1991); *Kowalski*, 543 U.S. at 130.

Here, Plaintiffs' amended complaint fails to articulate a sufficient injury in fact or that a hindrance exists to Ms. Das' ability to protect her own interests and, therefore, fails to establish third-party standing.

B.     **OCA-Greater Houston Lacks Associational Standing**

**1.03**   OCA-Greater Houston's claims should be dismissed because it fails to meet the three part test for associational standing to bring suit on behalf of its members. To establish associational standing, an organization must show the following: (1) its members have standing to sue in their own right; (2) the interests it seeks to protect are germane to its purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977); *see also Tex. Peace Officers Ass'n v. City of*

*Galveston*, 944 F.Supp. 562, 564 (S.D. Tex. 1996) (organization must establish that individual plaintiffs are members of the organization).

Plaintiffs' amended complaint fails to present facts to sufficiently establish the first or third prong for associational standing because it fails to establish that Ms. Das is a member of the organization and it fails to establish that participation by individual members of the organization is not required.

### C.   OCA-Greater Houston Lacks Organizational Standing

**1.04**   OCA-Greater Houston's claims should be dismissed because it fails to establish that it has individual standing as a group. To establish organizational standing, an organization must meet the *Lujan* requirements, including: (1) plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical;' (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be "likely," as opposed to merely speculative, that the injury will be redressed by a favorable decision. *NAACP v. City of Kyle*, 626 F.3d 233, 237 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61).

Plaintiffs' amended complaint fails to articulate an injury in fact of the type required in *NAACP* and, therefore, fails to establish organizational standing. Plaintiff has failed to show any imminent threat that OCA-Greater Houston, a Houston area organization, will suffer any concrete, particularized injury in fact as a result of any alleged improper procedures of the Williamson County Elections Department; and as

previously indicated, has failed show or state that Plaintiff Das is even a member of that organization. Plaintiff has failed to allege or establish that there is any diversion or likely diversion of resources with respect to Williamson County that will concretely and perceptibly impair their ability to carry out their organization's purpose. *See, NAACP v. City of Kyle*, 626 F.3d at 239 (Plaintiffs did not demonstrate that the diversion of resources "concretely and perceptibly impaired" the HBA's ability to carry out its purpose). OCA-Greater Houston's claims of potential harm are speculative and conjectural.

## II.
## PRAYER

WHEREFORE, Defendant Williamson County prays that the claims of Plaintiff OCA Greater Houston be dismissed; that Plaintiff take nothing by its suit; that Defendant recover all costs; and for such other and further relief to which Defendant is entitled.

Respectfully submitted,

/s/ Henry W. Prejean
HENRY W. PREJEAN
Assistant County Attorney
Williamson County Attorney's Office
SBN 16245850
405 Martin Luther King St., Box 7
Georgetown, TX  78626
(512) 943-1111 Tel.
(512) 943-1431 Fax
email: hprejean@wilco.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David M. Hoffman
Fish & Richardson, P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Hoffman@fr.com

Laura A. Barbour
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 787111 - 2548
laura.barbour@texasattorneygeneral.gov

/s/ Henry W. Prejean_____
HENRY W. PREJEAN