UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OCA – GREATER HOUSTON and MALLIKA DAS, <br>     *Plaintiffs*, <br><br> v. <br><br> STATE OF TEXAS, et al., <br>     *Defendants*. | Civil Action No. 1:15-cv-00679-RP |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

COMES NOW the State of Texas and Carlos Cascos, in his official capacity as Secretary of State of Texas ("Secretary of State" and, collectively, "the State Defendants"), and, as ordered in the Court's August 12, 2016 Order ("August 12 Order") submit their Response to Plaintiff's Motion for Permanent Injunction (Dkt. 61). The State Defendants deny that OCA is entitled to the relief ordered by the Court and do not waive their right to appeal the Court's August 12 Order. But, as ordered by the Court, the State Defendants specifically respond to Plaintiff's Motion for Permanent Injunction as follows:

This case was a statutory challenge to Texas Election Code Section 61.033 ("Section 61.033"). The Court declared that Section 61.033 is inconsistent with Section 208 of the Voting Rights Act, 52 U.S.C.A. § 10508 (formerly 42 U.S.C.A. § 1973aa-6) ("Section 208"). Dkt. 60 at 20. The Court further enjoined the State Defendants "from engaging in any practice that denies the rights secured by Section 208 of the Voting Rights Act." Dkt. 60 at 20. The Court did not invalidate any other provisions of Texas law, including Sections 61.031, 61.032, 61.034, 61.035, or 61.036, contrary to the allegations in Plaintiff's motion. Dkt. 60 at 20.

The August 12 Order implicitly holds that OCA is entitled to the very broad injunction already entered by the Court. The State Defendants deny that OCA is entitled to an additional injunction,[1] particularly one as over-reaching as the Proposed Order. *See* Dkt. 61-2 ("Proposed Order"). But, if an additional injunction is appropriate here, the State Defendants respectfully request that the Court not enter OCA's Proposed Order, and, if anything, clarify the scope of the injunction it has already entered.

## I.    The Secretary Is Complying with the August 12 Order

The August 12 Order holds that Section 61.033 conflicts with the Voting Rights Act and prohibits the State Defendants from enforcing Section 61.033. To that end, the Secretary of State has alerted election officials to the August 12 Order and is updating its guidance and training materials accordingly.

The Elections Division of the Secretary of State sent an email to election officials on Wednesday, August 17, 2016, notifying the officials of the August 12 Order. Declaration of Brian Keith Ingram, Exhibit A (all Exhibits herein are attached to Mr. Ingram's declaration, and accordingly, are referred throughout this brief as Ex. 1). The email explains that if a voter requests an interpreter, "the proposed interpreter can be anyone of the voter's choice other than the voter's employer, agent of their employer or an officer or agent of the voter's labor union." Ex. 1. The email also attached a copy of the August 12 Order. *Id*. The Order will also be posted on the

---

[1] The injury on which OCA relies for its standing to bring this suit is an injury to the organization itself. Dkt. 14 at ¶¶ 9, 10. OCA, as an organization, does not vote. Instead, OCA contends that it has expended resources it could have diverted to other activities but for the existence of Section 61.033. *Id*. As such, its injury is entirely economic and, accordingly, OCA has not suffered irreparable harm and has an adequate remedy at law. *See Deerfield Medical Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Moreover, because the Secretary of State is already complying with the Court's August 12 Order, an additional injunction is unnecessary and does not benefit the public interest.

Secretary of State's homepage no later than Monday, August 29. This action addresses some of Plaintiff's concerns. *See* Proposed Order at p. 3, ¶ 3 and p. 5, ¶ 9.

The Elections Division will also update the election judge handbook and training materials when it issues new materials relating to voter identification requirements, so as to avoid confusing election officials with multiple iterations of handbooks that are ordinarily only issued no more than once a year. Ex. A, Ingram Decl. The Elections Division expects these updates to be distributed to election officials (*i.e.*, everyone for whom the Elections Division has an e-mail address and may be conducting an election) and posted on the Secretary of State's website within the next week, with the exception of online poll worker training materials, which will be updated on or about September 19, 2016 because the Secretary of State is working with a vendor to develop a module for these materials. *Id.* The edits to the materials planned to be distributed next week are as follows:

- Update Poll Watcher's Guide, p. 18, Q & A 3, to read as follows:

  "Upon taking the oath of interpreter, any person selected by a voter other than the voter's employer, an agent of the voter's employer, or an officer or agent of the voter's labor union, may act as an interpreter for one or more voters [Sec. 61.035; U.S.D.C. W.D. Tex. Case 1:15-CV-00679-RP  (ECF No. 60)] .] **NOTE:** This is a change in prior law, due to a Court Order issued on August 12, 2016."

- Update Election Inspector Handbook, p. 12, FAQ G.2, to read as follows:

  **Are interpreters allowed in the polling place?**

  *Yes. If an election officer who attempts to communicate with a voter does not understand the language used by the voter, the voter may communicate through an interpreter selected by the voter or provided by the political subdivision if the voter does not provide his or her own interpreter. Before serving as an interpreter, the person selected as the interpreter must take the "Oath of Interpreter" administered by an election officer. The interpreter may be any person selected by the voter other than the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs.  **NOTE:** This is a change in prior law, due to a Court Order issued on August 12, 2016.*

- Update Qualifying Voters Handbook (p. 31, para.6), to read as follows:

    *6.* Persons admitted to provide assistance to or to interpret for a voter who is entitled to assistance or to an interpreter. [Secs. 61.032, 64.032(c), 42 U.S.C.A. § 1973aa-6; U.S.D.C. W.D.Tex. Civil Action No. 1:15-cv-00679-RP (Docket No. 60)

    p. 34: **SECTION D. USING ENGLISH AND INTERPRETERS**

    1. All election officers, while on duty at the polling place, must use English, except when helping a voter who does not understand English. Whenever English is not used either by a voter or by an election officer, any other election officer or a poll watcher, upon request, must receive an English translation of anything spoken. [Secs. 61.031, 61.036]

    2. If a voter cannot communicate in English, an election officer may communicate with the voter in a language the officer and the voter understand. [Sec. 61.031(b)]

    3. An interpreter may be used when the voter and the election officer(s) attending to the voter cannot speak the same language. [Sec. 61.032]

        1) The voter may select an interpreter who is not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs. [U.S.D.C. W.D.Tex. Civil Action No. 1:15-cv-00679-RP (Docket No. 60)] An interpreter may interpret for any number of voters. For each voter, the interpreter must take the oath of interpreter. [Sec. 61.035]

        2) The interpreter may be a person provided by the authority conducting the election. However, even if an interpreter is provided, a voter may use an interpreter of his or her own choosing. [Sec. 61.032]

    4. If no interpreter is available at the polling place, the authority responsible for appointing the election judges may have appointed an interpreter to serve at a central location to provide assistance for Spanish-speaking voters and voters speaking any other languages required by the federal government based on the most recent federal census. [Sec. 272.009]

    *NOTE:* *In a primary election, the county chairs of each party holding the primary shall each appoint their own interpreter to serve at a central location. [Sec. 272.009(b)]*

The Office of the Secretary of State also intends to update its websites, no later than Monday, August 29, as follows:

- Change language on http://www.votetexas.gov/voters-with-special-needs/ to read as follows:

> **Voters May Use Interpreters at the Polls**
> Voters who cannot speak English, or who communicate only with sign language, may use an interpreter to help them communicate with election officials. The voter may select any person selected by the voter other than the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs. **NOTE:** This is a change in prior law, due to a Court Order issued on August 12, 2016.
>
> If the voter cannot read the languages on the ballot, the interpreter may also assist by translating the language on the ballot for the voter in the voting booth. (See assistance section above for more details.) If the voter is deaf and does not have a sign language interpreter who can accompany them to help communicate with the poll worker or read the ballot, the voter should contact his or her local election officials before the election and request assistance.

- Identical language will also be placed in the pamphlet linked on the Office of the Secretary of State's main website: http://www.sos.state.tx.us/elections/forms/brochure-voters-spec-needs.pdf

- Change language on http://www.votetexas.gov/voting/who/#voters-with-special-needs to read as follows:

  If you cannot speak English, or if you communicate only with sign language, you may select anyone other than your employer, an agent of your employer, or an officer or agent of a labor union to which you belong to help you communicate with election officials. **NOTE:** This is a change in prior law, due to a Court Order issued on August 12, 2016. If you cannot read the languages on the ballot, your interpreter may translate the ballot for you in the voting booth.

## II.     The Additional Relief Sought in the Proposed Order is Unwarranted

No additional relief or remedial plan is necessary to implement the August 12 Order, and the Court does not need to retain jurisdiction over this dispute in perpetuity to ensure the State Defendants' compliance. *See* Dkt. 61-2 ¶¶ 10-11. More specifically, the Elections Division's compliance efforts render moot OCA's requested relief in paragraphs 1(c), 2, 3, 5, 6, 7, and 9, and, unlike the Plaintiffs' edits, the Elections Division's edits are appropriately directed to effectuating the injunction of only Section 61.033 of the Texas Election Code, and not any of the other interpreter provisions. *See* Plaintiff's Proposed Order ¶¶ 1-3, 5-7, and 9. If Plaintiff has concerns about the State Defendants' ongoing compliance, Plaintiff has traditional judicial remedies

available to it. Continuing oversight (as suggested in paragraph 10, which, as it is written, imposes a vague reporting burden on the Secretary of State that is unlimited in time) is unnecessary here. *See* Plaintiff's Proposed Order ¶ 10. This is not a case of institutional reform. This is merely a case in which the Court concluded that a provision of Texas law conflicts with the Voting Rights Act, and that, accordingly, that provision can no longer be enforced. In addition, the Secretary of State must have discretion in terms of what it provides in its training and public-facing materials and how it implements the Court's injunction. It has statutory obligations to assist and advise election authorities and to uniformly interpret the Election Code and other laws relating to elections, and it responds to inquiries from election officials promptly and frequently. *See, e.g.,* TEX. ELEC. CODE ANN. §§ 31.003 and 31.004. Any ongoing conference or reporting obligation would inhibit the Office's ability to efficiently respond to inquiries of the election officials and members of the public and would only operate as a disservice to the voters of the state of Texas, resulting in confusion and chaos for voters. Consistency and the ability to provide prompt guidance to election officials are paramount to the duties of the Office. In addition, updates the Office makes to its websites and handbooks are publicly available on its website, and there is nothing prohibiting Plaintiff or anyone else from visiting the Office's website at any time.

Additionally, the Secretary of State has already notified election officials of the change and is in the process of modifying its guidance. Because the Secretary of State does not implement elections—this is the purview of local election officials—it is inappropriate to impose additional burdens on the Secretary of State beyond its duty to educate local election officials about the proper interpretation of Section 61.033. In the unlikely event that a voter has an issue using a preferred interpreter while voting in his or her precinct, Plaintiff's dispute at that point would be with the local election administrators, not the Secretary of State.

Regarding paragraph 4, the Secretary of State is already charged under Texas law with educating election officials regarding election laws, so an additional injunction on this issue is unwarranted.[2]

Paragraph 8 of the Proposed Order imposes a number of additional, unwarranted burdens on the Secretary of State. Elections Division Staff who process complaints are routinely trained on and well-versed in enforcement of the Texas Election Code and federal Voting Rights Act, so the relief requested here is unnecessary. Ex. A, Ingram Decl.; *see* Plaintiff's Proposed Order ¶ 8. Furthermore, the Secretary of State is already charged by Texas law with investigating complaints and taking appropriate action pursuant to Texas Election Code section 31.0005(a), so an additional injunction on this issue is unwarranted.[3] *See also Pennhurst St. School & Hosp.*, 465 U.S. at 106 (1984). With regard to the publishing of complaints online in paragraph 8, Plaintiff fails to articulate what purpose the proposed complaint procedure will serve. The current complaint procedure for criminal violations of the Help America Vote Act are statutorily prescribed and certain complaints are subject to confidentiality requirements. Section 208 includes no similar complaint mechanism. Plaintiff fails to show that this additional burden—not imposed by either state or federal law—will help effectuate the August 12 Order, nor does Plaintiff account for existing public information laws or privacy laws in its Proposed Order. *See, e.g.*, TEX. ELEC. CODE ANN. 31.006(b); OR2016-16898. Accordingly, an additional injunction imposing these additional burdens is unwarranted. Moreover, Plaintiffs' proposed relief is vague: It is unclear what they mean by "investigate any allegations supporting any complaints expeditiously and (4) take

---

[2] *See Pennhurst St. School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (Federalism principles that underlie the Eleventh Amendment bars federal court from "instruct[ing] state officials on how to conform their conduct to state law.")

[3] *See Pennhurst*, 465 U.S. at 106 (Federalism principles that underlie the Eleventh Amendment bars federal court from "instruct[ing] state officials on how to conform their conduct to state law.")

appropriate action to protect the voting rights of the citizens of this state from such abuse in accordance with Section 31.005(a) of the Texas Election Code." Plaintiff's Proposed Order ¶ 8.

### III. The Relief OCA Seeks Is Broad and Goes Beyond the Scope of the Lawsuit

OCA's proposed additional injunction, while specific, is not narrowly tailored, and, in fact, goes beyond the scope of the injury alleged in the lawsuit. Rather than restrict its proposed relief to the provision at issue, Section 61.033, OCA requests that this Court order the Secretary of State to alter its guidance related to Texas Election Code Section 64.0321 in a way that is contrary to Texas law and over which no injury was alleged as part of this suit. *See* Plaintiff's Proposed Order ¶ 1(a) and (b). In this regard, OCA asks this Court to sidestep the democratic process by rewriting Texas election law that was not impacted by the Court's August 12 Order.

To the extent that Plaintiff seeks to alter provisions relating to a voter's use of interpreters other than Section 61.033 in paragraphs 1(c), 2, 3, 5, 6, 7, and 9—such as the requirement in Texas Election Code sections 61.031 and 61.032 that a voter is only entitled to an interpreter if he or she does not speak the same language as the election official—such relief goes beyond the scope of the lawsuit and beyond the August 12 Order, which only invalidates Section 61.033.

Moreover, as noted in Section II above, the relief OCA seeks goes far beyond requiring the Secretary of State to update its guidance to reflect the Court's Order and instead places additional (and new) burdens on the Secretary that are not required under the Voting Rights Act. *See* Plaintiff's Proposed Order ¶ 8. Accordingly, the Proposed Order should be rejected.

### IV. Conclusion

For the foregoing reasons, the State Defendants respectfully request that the Court deny Plaintiff's Motion for Permanent Injunction. Any Order requiring the State Defendants to further amend their handbooks, training materials, and websites, beyond what has already been amended, will lead to considerable confusion.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFERY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief - General Litigation Division

/s/ *Matthew Deal*
LAURA A. BARBOUR
Texas Bar No. 24069336
MATTHEW DEAL
Texas Bar No. 24087397
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 473-0447
FAX:  (512) 320-0667
laura.barbour@texasattorneygeneral.gov
matthew.deal@texasattorneygeneral.gov

ATTORNEYS FOR STATE DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, Austin Division, on August 26, 2016 to:

| | |
|---|---|
| David M. Hoffman | Jerry Vattamala |
| FISH & RICHARDSON, P.C. | ASIAN AMERICAN LEGAL DEFENSE AND |
| 111 Congress Avenue, Suite 810 | EDUCATION FUND |
| Austin, Texas 78701 | 99 Hudson Street |
| | New York, New York 10013 |

                          /s/ *Matthew Deal*
                          MATTHEW DEAL
                          Assistant Attorney General