UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA GREATER HOUSTON, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:15-cv-679-RP |
| STATE OF TEXAS, *et al.*, | § § | |
| Defendants. | § § § | |

## ORDER

Before the Court are Plaintiff OCA-Greater Houston's Motion for Permanent Injunction (Dkt. 61) and Defendants' Response (Dkt. 62). These filings were made at the Court's request in order to assist the Court in rendering appropriate relief pursuant to its August 12, 2016 order ("August 12th Order") granting Plaintiff's Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment. The Court intends to issue an order regarding Plaintiff's requested relief later this week, but based on the parties' filings, feels that it needs to clarify its August 12th Order more promptly.

In their filings regarding the appropriate relief, the parties disagree about the scope of the August 12th Order. Defendants assert that this Court only invalidated Texas Election Code Section 61.033, while Plaintiff interprets the August 12th Order more broadly.

Within the August 12th Order, the Court found the Assistance and Interpretation Provisions of the Texas Election Code ("TEC") to be "invalid" because they are inconsistent with Section 208 of the Voting Rights Act. (Order, Aug. 12, 2016, at 20, Dkt. 60.) Specifically, it determined that the Assistance Provisions are insufficient to implement Section 208 of the Voting Rights Act because they restrict a voter's access to an assistor of their choice outside the ballot box, and that the Interpretation Provisions are invalid to the extent they both restrict a voter's ability to select an

1

interpreter of their choice if the election officer understands the language spoken by a limited-English voter, and restricts a voter's access to an interpreter who is not registered to vote in the voter's county of registration. (*Id.* at 19.)

In affording OCA-Greater Houston relief, the Court declared only one provision of the TEC in violation of the Voting Rights Act, Section 61.033. (*Id.* at 20.) The Court further explained, however, that its Order enjoins "the State Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from engaging in any practice that denies the rights secured by Section 208 of the Voting Rights Act." (*Id.*) The Court then sought input from both parties regarding the appropriateness of additional remedies. (*Id.*)

Defendants assert that the Court's August 12th Order was limited to declaring Section 61.033 invalid. (State. Defs.' Resp. at 8, Dkt. 62.) This reading ignores the language of the August 12th Order that declares other specific provisions of the Texas Election Code inconsistent with the Voting Rights Act and enjoins Defendants "from engaging in any practice that denies the rights secured by Section 208 of the Voting Rights Act." (Order, Aug. 12, 2016, at 20, Dkt. 60.) To clarify, this Court declared only Section 61.033 of the TEC invalid in the relief portion of its August 12th Order because each other provision that the Court determined was in violation of the Voting Rights Act provided some affirmative right to voters. Section 61.033 alone provides no affirmative right to voters, but solely provides an unlawful restriction. Sections 61.032 and 64.0321, however, provide affirmative rights of assistance to voters, and the Court does not wholly invalidate them.

Thus, to clarify its August 12th Order, the Court finds:

- Section 61.032 to be inconsistent with the Voting Rights Act to the extent it precludes a limited-English voter from selecting an interpreter if an election officer who attempts to communicate with the voter understands the language spoken by the voter.

- Section 61.033 to be wholly inconsistent with the Voting Rights Act because it restricts a limited-English voter's choice of interpreter to those persons registered to vote in the county in which the voter needing the interpreter resides.

- Section 64.0321 to be inconsistent with the Voting Rights Act to the extent it restricts a voter from obtaining assistance when at a polling location, but outside the presence of the voter's ballot or carrier envelope.[1]

To the extent the provisions of the Texas Election Code are inconsistent with the Voting Rights Act, the Court **ENJOINS** the Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcement of those provisions. Further, the Court **SUPPLEMENTS** its August 12th Order to incorporate the contents of this order.

The Court appreciates the Defendants' efforts to quickly communicate with election officials and implement its August 12th Order, and will issue an order regarding whether any additional relief is appropriate later this week.

**SIGNED** on August 30, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendants assert that no injury was alleged as part of this suit under Section 64.0321, arguing that the provision was thus not affected by the August 12th Order. The injury alleged by Plaintiff, however, was the additional time and expense it took to explain the difference between the Interpretation Provision and the Assistance Provision. Further, Plaintiff asserted that assistance in the ballot box, as provided by the assistor provision, is insufficient to codify the full scope of the rights afforded by Section 208. (Order, Aug. 12, 2016, at 5, Dkt. 60.) The injury alleged by Plaintiff will persist to the extent OCA-Greater Houston is still required to explain to its members, in a language other than English, that choosing the wrong word—"assistor" rather than "interpreter"—when seeking assistance at their polling place might preclude them from getting assistance outside the ballot box, as guaranteed by Section 208.