UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA GREATER HOUSTON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:15-cv-679-RP |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court are Plaintiff OCA-Greater Houston's Motion for Attorneys' Fees, Costs, and Expenses (Dkt. 64), Defendants' Response (Dkt. 68), and Plaintiff's Reply, (Dkt. 71). After reviewing these filings, the relevant case law, and the record in this case, the Court issues the following order.

### I. BACKGROUND

This case was initially filed by the late Mallika Das, a registered voter in Williamson County, Texas, and OCA-Greater Houston, a non-profit organization dedicated to advancing the social, political, and economic well-being of Asian-Pacific Americans, against Defendants, the State of Texas and Secretary of State Carlos Cascos in his official capacity ("Defendants").[1] Ms. Das and OCA-Greater Houston sought to challenge Defendants' enforcement of certain provisions of the Texas Election Code ("TEC") that govern the assistance offered to limited-English-proficient voters.

Ms. Das passed away prior to the Court's ruling on summary judgment, thus the case proceeded based solely on OCA-Greater Houston's claims. After an evidentiary hearing on standing,

---

[1] Plaintiffs also named Williamson County and the Williamson County Elections Department in their suit. After a settlement, the Court dismissed with prejudice Plaintiffs' claims against these defendants. (*See* Order of Dismissal, Dkt. 42).

1

the Court granted summary judgment in favor of OCA-Greater Houston and enjoined the Defendants from the enforcement of certain provisions of the TEC to the extent the Court found them to be inconsistent with section 208 of the Voting Rights Act. (*See* Order, Aug. 12, 2016, Dkt. 61).

Following its award of summary judgment to OCA-Greater Houston, the Court ordered the Plaintiff to file briefing regarding any additional remedies necessary to timely effect necessary relief. (*See id.*). Plaintiff then moved for a permanent injunction, which the Court denied after it concluded Plaintiff's motion was largely mooted by the measures Defendants outlined in their response to Plaintiff's motion. (*See* Order, Sept. 2, 2016, Dkt. 66). Defendants have appealed the Court's award of summary judgment to Plaintiff, and the appeal remains pending at the Fifth Circuit. (*See* Not. of Appeal, Dkt. 69).

In its order granting Plaintiff summary judgment, the Court also ordered that Plaintiff be compensated for reasonable attorney's fees, costs, and expenses pursuant to 52 U.S.C. § 10310. (See Order, Aug. 12, 2016, at 21, Dkt. 61). Thus, after Plaintiff filed its motion for permanent injunction, it also filed a motion for attorneys' fees costs and expenses. (Pl.'s Mot. for Attorney's Fees, Dkt. 64). Plaintiff seeks $197,124 in attorney's fees (or alternatively, under reduced billing rates, $125,130)[2] and $2,613.16 in litigation costs. (*Id.* at 7–9). Defendants respond that the fees and expenses requested by Plaintiff are unreasonable, and that Plaintiff should be awarded no more than $53,973.75 in attorney's fees and $1,589.96 in costs. (Defs.' Resp. at 10, Dkt. 68).

## II. ATTORNEYS' FEES

"In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's

---

[2] Plaintiff's motion in fact requested $111,780 in fees under their alternative fee schedule, but it appears to the Court that $13,350 in requested fees were inadvertently excluded from that total. (Pl.'s Mot. for Attorney's Fees at 8, Dkt. 64). Thus, the Court has adjusted Plaintiff's requested to account for that amount.

fee . . . and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310(e). A prevailing party is one who has obtained a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote the fee statute." *Davis v. Abott*, 781 F.3d 207, 214 (5th Cir. 2015) (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). In other words, a prevailing party is one who has "succeeded on any significant claim affording it some of the relief sought," or "receive[d] at least some relief *on the merits* of his claim." *Id.* (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) and *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit"). Typically, "an injunction or declaratory judgment, like a damages award, will . . . satisfy [the prevailing-party] test." *Davis*, 781 F.3d at 214 (quoting *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012) (per curiam)).

Here, neither party disputes that OCA-Greater Houston is a prevailing party.[3] Similarly, neither party disputes that Mallika Das, who passed away before the Court rendered summary judgment, was *not* a prevailing party. (*See* Defs.' Resp. at 1, Dkt. 68; Pl.'s Reply at 2-4, Dkt. 71). The parties dispute, however, what amount of fees OCA-Greater Houston should be able to recover as a prevailing party for work Plaintiff's counsel performed related to Ms. Das, whom Plaintiff's counsel also represented.

### A.      Representation of Non-Prevailing Party

Defendants request a fifty-percent reduction of any fees charged on work related to both Ms. Das and OCA-Greater Houston while Ms. Das' claims remained pending, along with the elimination of any work they argue is solely attributable to Ms. Das' claims, including preparation for

---

[3] While Defendants are appealing the Court's decision in this case, and are thus challenging Plaintiff's status as a prevailing party, they acknowledge "that the Court has determined that OCA-[Greater Houston] is a prevailing party entitled to fees." (Defs.' Resp. at 1 n.1, Dkt. 68).

3

and attendance at her son's deposition. (*See* Defs.' Resp. at 1–3, Dkt. 68). Plaintiff instead argues that because Ms. Das and OCA-Greater Houston made the same claims, and those claims involved the same common core of facts, all of their requested fees should be awarded. (*See* Pl.'s Reply at 2–4, Dkt. 71).

The Court cannot agree with either party. It is unreasonable to think that Plaintiff's counsel have spent no less time on their work had they not represented Ms. Das. But it is also unreasonable to imagine that if Plaintiff's counsel had solely been representing OCA-Greater Houston at the time they filed a motion for summary judgment, for example, that motion would have taken half the time.[4] Certainly, the central legal argument in this case—relating to whether portions of the TEC violated the Voting Rights Act—was the same for both plaintiffs, and the next most time-consuming argument was likely the issue of whether OCA-Greater Houston had standing. Plaintiff's counsel would have addressed both of these issues regardless of their representation of Ms. Das. Further, as Plaintiff suggests, some of the time that Defendants argue was spent solely on representing Ms. Das, such as attending her son's deposition, would have reasonably been spent by Plaintiff's counsel even if Ms. Das had separate counsel. Thus, based on its study of Plaintiff's counsels' billing entries, its review of the parties' filings, and its understanding of the case, the Court will reduce the total time billed by Plaintiff's counsel by fifteen percent to account for time spent representing a non-prevailing party. *Cf. Hensley*, 461 U.S. at 436–37 ("The district court may attempt to identify specific hours that should be eliminated or simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment."); *Leroy v. City of Houston*, 906 F.2d 1068, 1083 (5th Cir. 1990) (reducing reasonable fee award amount by ten percent to account for limited success).

---

[4] As an example, in this twenty page motion, less than four pages relate primarily to Ms. Das. (*See* Pls.' Mot. Summ. J. at 5–7, 14–15).

4

## B.  Lodestar Amount

Turning to whether Plaintiff's requested attorney's fees, costs, and expenses are reasonable as required by 52 U.S.C. § 10310(e), the Court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. *See Hensley*, 461 U.S. 424, 433. "[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). Thus, "the lodestar looks to '[t]he prevailing market rates in the relevant community.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 195 (1984)). The "prevailing market rate" is the rate charged by attorneys of "comparable experience, skill, and reputation." *Blum*, 465 U.S. at 892 n.5. There is a strong presumption that a fee calculated using the lodestar method is reasonable. *Perdue*, 559 U.S. at 552.

Four different attorneys represented Plaintiff on this matter. David Hoffman, an intellectual property partner at Fish & Richardson, P.C., with more than ten years of experience, and Kenneth Darby, an intellectual property associate at Fish & Richardson in his second year of practice, completed most of the work on the case. (Pl.'s Mot. for Attorney's Fees at 3–6, Dkt. 64). Plaintiff was also represented by David S. Morris, who is Of Counsel at Fish & Richardson, and Jerry Vattamala, Director of the Democracy Program at the Asian American Legal Defense and Education Fund ("AALDEF"). (*Id.*). The Court will first address whether the fees Plaintiff requested use a reasonable hourly rate, then consider whether Plaintiff's counsel's time was reasonably expended.

1.      **Reasonable Rate**

Plaintiff supplies two different fee schedules, one using their counsel's standard rates,[5] and another with lower, alternative rates, based on available data regarding prevailing market rates in the Austin area by practice area, level of experience, and firm size. (*See* Pl.'s Mot. for Attorney's Fees at 5–8, Dkt. 64). These fee schedules include the rates listed below:

| Attorney | Standard Hourly Rate | Alternative Hourly Rate |
|---|---|---|
| David Hoffman | $675(2015)/ $690(2016) | $400 |
| Kenneth Darby | $365(2015)/ $420 (2016) | $250 |
| David Morris | $400 | $300 |
| Jerry Vattamala | $300 | $300 |

(*Id.*). Plaintiff submitted evidence that the median hourly rate in Austin in 2015 was $300, that the median hourly rate in Austin in 2015 in "Administrative and Public" law practice was $300, and that the median hourly rate in Austin in 2015 in "Government and Administrative" law practice was $263. (*Id.*, Ex. 1-E, at 14–16, Dkt. 64-6). Plaintiff also submitted evidence indicating that median hourly rates in Austin are generally somewhat lower for less experienced attorneys ($225 for an attorney with two years experience or less) and much higher for attorneys at large law firms, regardless of years of experience ($459 for an attorney at a firm with over 400 attorneys). (*Id.*, Ex. 1-E, at 18–19, Dkt. 64-6).

After reviewing the data provided by Plaintiff regarding market rates in Austin and information regarding the various attorneys who represented Plaintiff, the Court finds that the alternative rates proposed by Plaintiff are reasonable for comparable work in the same area.

---

[5] For the Fish & Richardson attorneys, Plaintiff used billing rates for their counsel's non-patent work. (*See* Pl.'s Mot. for Attorney's Fees at 7, Dkt. 64).

## 2. Reasonable Hours Expended

Plaintiff also submitted contemporaneous time records for the time that Plaintiff's counsel spent working related to Plaintiff's claims against Defendants. These records reflect the hours listed below for each of Plaintiff's attorneys after a deduction of fifteen percent of the total time submitted to account for time spent solely working on Ms. Das' claims:

| Attorney | Hours Expended |
| --- | --- |
| David Hoffman | 103.8*(.85) = 88.23 |
| Kenneth Darby | 265.7*(.85) =225.85 |
| David Morris | 11.2*(.85) = 9.52 |
| Jerry Vattamala | 52.5*(.85) = 44.63 |

(*Id.* at 4).

Defendants argue that much of the requested time is excessive, unnecessary, vague, and duplicative, and identify significant amounts of time they argue should be reduced as unreasonable. Defendants give several examples of time they think should be reduced. After a careful review of the time expended by Plaintiff's counsel, the Court finds that all of the hours spent by Plaintiff's counsel were reasonably expended.[6] Rather than specifically address all of Defendants arguments, the Court will give a few examples.

First, Defendants argue that time expended by Plaintiff's counsel on a motion for permanent injunction should not be compensated. The Court disagrees; Plaintiff could not have known that the Defendants' response to Plaintiff's motion for permanent injunction, which described their actions and planned actions, would render its motion largely moot. Instead, prior to learning of Defendants' independent plans to implement the Court's order, Plaintiff's counsel performed work on the

---

[6] The Court will, however, eliminate the limited time spent by Mr. Vattamala's pro hac vice application (.25 hours) with this Court. *See Knauff v. Dorel Juvenile Grp., Inc.*, No. CIVA SA-08-CV-336-XR, 2010 WL 2545424, at *2 (W.D. Tex. June 21, 2010) (reviewing cases and concluding that "pro hac vice fees are not recoverable as costs because they are an expense that an attorney pays for the privilege of practicing law . . . [an opposing party] should not be responsible for paying these fees simply because [the prevailing party] chose to be represented by counsel who are not admitted to practice in [the] district.").

7

motion that they reasonably considered necessary to their case in light of the Court's order on summary judgment.

Second, Defendants are critical of the time Mr. Darby spent preparing for the evidentiary hearing as excessive. However, Mr. Darby was the only associate working on the matter and likely the most familiar with the facts of the case and the evidence to be presented at the evidentiary hearing. In addition, he prepared a twenty-page slide presentation for the hearing and delivered an opening statement that was on par with some of the strongest oral advocates that come before the Court. Thus, the Court concludes that the time he expended—approximately forty-three hours—for a hearing that Plaintiff likely understood could be dispositive of their claims was reasonable.

The Court likewise rejects Defendants' other arguments and concludes that it was reasonable for Plaintiff to have three attorneys in attendance at the evidentiary hearing, as it was the same number of attorneys as Defendants had present; that Plaintiff's counsel's time spent responding to Defendants' initial motion to dismiss was reasonable—even though that motion was later mooted—because Defendants renewed it; that Mr. Vattamala's time records demonstrate that the time he expended was reasonable and should not be reduced even though it was recorded in fifteen-minute increments; and that is was reasonable for Plaintiff to begin work on pretrial disclosures before they knew that the Court would resolve its claim on summary judgment.

### C.     Costs

In addition to arguing that Plaintiff's attorney's fees are unreasonable, Defendants also argue that some of Plaintiff's costs should be excluded, specifically, the cost of Mr. Vattamala's travel to the evidentiary hearing, a meal charge by Mr. Hoffman, a "club" fee on Mr. Darby's hotel bill, and the cost of transcripts for Mr. Das' deposition.

As the Court already stated, it finds that Plaintiff was reasonable in having three attorneys attend the evidentiary hearing. Defendants also had three attorneys attend this hearing, and the hearing itself addressed issues critical to Plaintiff's claim.

Further although costs attributable solely to the representation of Ms. Das are not reimbursable, because of the relevance of Mr. Das' testimony to Plaintiff's claim, the Court finds it reasonable that Plaintiff would have ordered a copy of the deposition transcript even if Ms. Das had been represented by separate counsel. In order to account for the fact that these costs were also incurred to support Ms. Das' claim, the Court will reduce these costs by half.

Next, the Court will allow as reasonable Mr. Darby's hotel fee, as Plaintiff claims it is (and it appears to be) a standard and automatic charge. (*See* Pl.'s Reply at 1, Dkt. 71).

Finally, the Court will exclude one third of Mr. Hoffman's meal cost. As he was not traveling at the time the cost was incurred, but in Austin, where he regularly works, his meal was not compensable. The Court notes, however, that the receipt includes three entrees, and the Court presumes that the receipt was submitted because it included the meals of two attorneys who were traveling for the evidentiary hearing—Mr. Darby and Mr. Vattamala.

### D. Total Reasonable Costs and Fees

Based on the above analysis, the Court will award fees and costs to Plaintiff as follows:

| Attorney | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| David Hoffman | 103.8*(.85) = 88.23 | $400 | $35,292.00 |
| Kenneth Darby | 259.9*(.85) = 220.92 | $250 | $55,228.75 |
|  | 5.8*(.85) = 4.93 | $125 (travel) | $616.25 |
| David Morris | 11.2*(.85) = 9.52 | $300 | $2,856.00 |
| Jerry Vattamala | 44.25*(.85) = 37.61 | $300 | $11,283.75 |
|  | 8.0*(.85) = 6.8 | $150 (travel) | $1,020.00 |

**Total Attorney's Fees: $106,296.75**

9

| Submitting Counsel | Requested Costs Total | Reduction | Total |
|---|---|---|---|
| Fish & Richardson | $1,810.72 | $100.50 | $1,710.22 |
| AALDEF | $802.44 | $0 | $802.44 |

**Total Costs: $2,512.66**

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees, Costs, and Expenses (Dkt. 64).

It is therefore **ORDERED** that Defendants shall pay Plaintiff's attorney's fees in the amount of **$106,296.75** and costs in the amount of **$2,512.66**.

**SIGNED** on January 30, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

10