**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| OCA-GREATER HOUSTON, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:15-cv-00679-RP |
| STATE OF TEXAS, *et al*., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR
POST-JUDGMENT ATTORNEYS' FEES, COSTS, AND EXPENSES**

Plaintiff, Organization of Chinese Americans-Greater Houston ("OCA-GH"), hereby files its Motion for Post-Judgment Attorneys' Fees, Costs, and Expenses.  Plaintiff respectfully shows the Court as follows:

## I.     INTRODUCTION

This Motion seeks to recover additional attorneys' fees and expenses incurred by Plaintiff OCA-GH—primarily, amounts incurred in connection with responding to Defendants' unsuccessful appeal of the summary judgment granted by the Court.  Because the Court has already found that certain lodestar rates are appropriate in this case (*see* Dkt. 73), this Motion asks the Court to apply those same amounts in determining this additional award.

## II.     BACKGROUND

On August 12, 2016, the Court granted summary judgment in favor of the Plaintiff and ordered that Plaintiff "be compensated 'a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs' under 52 U.S.C.A. § 10310 (formerly 42 U.S.C. § 1973l(e))."  (Dkt 60 at 21).  Then, on January 30, 2017, after full briefing by the parties on the amount of fees to be awarded, the Court issued an Order (Dkt. 73) granting Plaintiff's

Motion for Fees, Costs, and Expenses.   Defendants appealed the Court's grant of summary judgment to the Fifth Circuit Court of Appeals, and on August 16, 2017, the Fifth Circuit affirmed this Court's summary judgment, remanding the case for revision of the injunctive portion of the relief granted.   Exhibit 1, attached hereto.   This Motion and its attachments, as well as the items incorporated by reference, support the awarding to Plaintiff of additional reasonable attorneys' fees and costs related to defending against Defendants' unsuccessful appeal and preparing the earlier fees motion.

## III.    ARGUMENT

### A.    The Attorneys' Fees Sought by Plaintiff Are Reasonable

With OCA-GH having prevailed on appeal and the Court having revised its injunction as instructed, the only remaining question is whether the fees and expenses sought by OCA-GH are reasonable.   *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   As noted above, the Court adopted the lodestar method in its earlier fee award, and Plaintiff maintains that it should apply the same method and rates here.

The lodestar method, which involves multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate" is a means of calculating a reasonable rate.   *Id.*   Indeed, the lodestar "is presumed to be a reasonable fee."   *Blum v. Stenson*, 465 U.S. 886, 897 (1984).   Such a calculation "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."   *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).   Enhancement of fees is available (and perhaps appropriate[1]) under the lodestar method but is not sought here.   *See Blum*, 465 U.S. at 897; *Jackson v. Host Intern.*, Inc., 426

---

[1]   In particular, the results obtained here—helping a great many of our nation's naturalized citizens to vote knowingly in elections—counsel toward enhancement.

Fed.Appx. 215, 227-28 (5th Cir. 2011) (finding no abuse of discretion where factors from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), were applied to enhance lodestar by 50%). Accordingly, the pertinent questions are: (1) whether the amount of hours for which OCA-GH seeks compensation is reasonable; and (2) whether the underlying hourly rates sought are reasonable. And the second question is one that has already been examined and answered by the Court.

### 1. OCA-GH Seeks Compensation for a Reasonable Number of Hours of Work

The appeal of this case involved challenging legal issues, including constitutional rights and statutory interpretation. Plaintiff continued to be assisted by Fish & Richardson P.C., a law firm with a national reputation for handling complex litigation and appeals. Exhibit 2, Declaration of David Hoffman ("Hoffman Decl.") ¶¶ 2-3 and 7. Also, the Asian American Legal Defense and Education Fund (AALDEF), through attorney Jerry Vattamala, continued to assist with the case. Exhibit 3, Declaration of Jerry Vattamala ("Vattamala Decl.") ¶¶ 5-7. The case was staffed leanly, with attention to avoiding duplication of hours. *Id.* ¶¶ 6-7; Hoffman Decl. ¶ 8. Still, the resistance of State Defendants to any sort of agreed resolution, combined with the complexity of the issues involved and the importance of this Court's ruling to the affected voters of Texas, necessitated the expenditure of significant attorney time on behalf of OCA-GH.

Based on contemporaneous time records, with time entries relating to extraneous matters deleted, OCA-GH's counsel spent the following hours working primarily on OCA-GH's appeal, but also on its earlier motion for fees:

| Attorney | Hours |
|---|---|
| David Hoffman | 73.8 |
| Kenneth Darby | 97.1 |
| David Morris | 97.7 |
| Jerry Vattamala | 7.5 |

OCA-GH's lead counsel, David Hoffman, has reviewed the time records summarized above and reprinted in an attachment to his Declaration, submitted herewith.  *See* Hoffman Decl. ¶¶ 7-8 and Ex. 2-D.   Likewise, Mr. Vattamala of AALDEF has reviewed and submitted his own time records.  Vattamala Decl. ¶ 5-6 and Ex. 3-C.

Both sets of records show sound and reasonable billing judgment.[2]  Importantly, OCA-GH's counsel have removed from the total time spent for work that might be deemed as properly excluded from a court-ordered fee award and have made other cuts to simplify the Court's analysis and reduce the total amount of hours for which compensation is sought.  Hoffman Decl. ¶ 7; Vattamala Decl. ¶ 5-6.  The hours that remain after a careful review of the time records were reasonably expended to accomplish the tasks necessary to the prosecution of Plaintiff's earlier motion for fees and successful defense of the Court's judgment on the appeal of this case.

---

[2]    Some of the time entries of OCA-GH's counsel are what would be considered "block billing"—i.e., descriptions of projects that are not broken down into separate tasks within the project.  However, the entries are specific enough that the tasks involved can be determined from the work product filed with the Court.  Furthermore, there is no requirement that block-billed entries be reduced.  *Davis v. Perry*, 991 F.Supp.2d 809, 836-37 (W.D. Tex. 2014) (reversed on other grounds by *Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015)).  Rather, block billing does not dictate a reduction when "the entries are sufficiently specific and allow the Court to determine whether the total represents a reasonable amount of time."  *Id.* at 836.

### 2.     OCA-GH Seeks a Reasonable Hourly Rate for Its Attorneys

As noted, we now have the benefit of the Court's prior analysis of the reasonableness of the fees incurred earlier in this case and, for the sake of simplicity and efficiency,[3] OCA-GH proposes that the Court award the same rates in connection with this Motion.  *See* Dkt. 73, pp. 9-10.  Thus, the following hourly rates are requested hereby:

| Attorney | Hourly Rate |
|----------|-------------|
| David Hoffman | $400[4] |
| Kenneth Darby | $250/$125 travel |
| David Morris | $300/$150 travel |
| Jerry Vattamala | $300 |

### 3.     OCA-GH's Proposed Fee Award

The hours expended by OCA-GH's attorneys, charged at the $400, $300, and $250 per hour lodestar rates previously awarded by the Court,[5] with all travel time charged at fifty percent of the lodestar hourly rate, result in the following totals for OCA-GH's post-judgment attorneys' fees:

---

[3]   The rates charged by Fish & Richardson P.C. increase annually, tracking inflation, market increases, and increases in attorney experience levels. Also, practice before a U.S. Court of Appeals arguably brings an elevated rate, but OCA-GH prefers to minimize the additional analysis called for by this Motion. Accordingly, the arguments regarding reasonable hourly rates from Plaintiffs' prior fees motion, as well as the supporting evidence submitted with that motion, are incorporated herein by reference. *See* Dkt. 64.

[4]   The Court did not award a travel rate for Mr. Morris in its earlier order, but the travel rate requested here is consistent with the 50% discount that the Court applied to the time of Messrs. Darby and Vattamala in connection with its earlier award. Notably, fees for Mr. Hoffman's and Mr. Vattamala's travel time are not being sought by this Motion.

[5]   This Court's earlier fee award incorporated a 15% discount intended to approximate the portion of work that was done for Ms. Mallika Das prior to her  loss of standing through death. No such discount is appropriate here, as the relevant work was all on behalf of OCA-GH.

| Attorney | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| **David Hoffman** | 73.8 | $400 | $29,520 |
| **Kenneth Darby** | 91.1 | $250 | $22,775 |
| | 6 (travel) | $125 (travel) | $750 |
| **David Morris** | 90.7 | $300 | $27,210 |
| | 7 (travel) | $150 (travel) | $1,050 |
| **Jerry Vattamala** | 7.5 | $300 | $2,250 |

**TOTAL FEES: $83,555**

**B.    The Litigation Costs Sought by OCA-GH Are Reasonable**

The litigation costs which OCA-GH seeks to recover—amounts paid by Fish & Richardson and AALDEF—are routine and ordinary costs associated with litigation, including travel costs for a trip to New Orleans from Austin and a trip to New Orleans from New York. These amount to $3,187.68 and certainly count as either ordinary costs or "reasonable litigation expenses," as the term is used in 52 U.S.C.A. § 10310 (formerly 42 U.S.C. § 1973l(e)).  Hoffman Decl. ¶ 10; Vattamala Decl. ¶ 8.  Accordingly, there is no rational basis on which to challenge the reasonableness of the costs and expenses OCA-GH seeks to recover.

**IV.    CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(j), prior to filing this Motion, counsel for OCA-GH met and conferred with counsel for the State Defendants in an effort to reach agreement on the fees sought hereby.  In that conference, counsel for OCA-GH made a good faith attempt to resolve with counsel for State Defendants the amount of fees to be paid by State Defendants for the post-judgment work required by their appeal.  As of the date of this filing, State Defendants had not agreed to the reasonableness of any additional fee award, nor had they proposed any alternative fee award.

## V.      CONCLUSION

For the reasons described above, Plaintiff OCA-GH respectfully requests that this Court grant its Motion for Post-Judgment Attorneys' Fees, Costs, and Expenses, awarding OCA-GH attorneys' fees in the amount of $83,555.00 (or an alternative amount found appropriate by the Court) and $3,187.68 in costs and expenses, and such other and further relief, at law and equity, to which Plaintiff is justly entitled.

Dated:  June 14, 2018

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  /s/ David M. Hoffman
David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
Kenneth W. Darby*
Texas Bar No. 24097570
kdarby@fr.com
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND ("AALDEF")

Jerry Vattamala*
99 Hudson Street, 12th Floor
New York, NY 10013
Tel: (212) 966-5932
Fax: (212) 966-4303

COUNSEL FOR PLAINTIFF
OCA-GREATER HOUSTON

*Admitted Pro Hac Vice

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 14, 2018, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

By: */s/ David M. Hoffman*
 David M. Hoffman