# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OCA-GREATER HOUSTON, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:15-cv-00679-RP |
| STATE OF TEXAS, *et al.*, | |
| Defendants. | |

**DECLARATION OF DAVID HOFFMAN**

1. My name is David Hoffman. I make this declaration based on my personal knowledge and in support of the Motion for Post-Judgment Attorneys' Fees filed by Plaintiff OCA-Greater Houston ("OCA-GH") in the above-referenced case.

2. I have been a member of the State Bar of Texas since November of 2004. My practice consists primarily of complex litigation in federal courts across the country, including the Western District of Texas, Austin Division. I have also performed significant federal appellate work in recent years, including oral arguments. I am an equity principal at the Austin office of Fish & Richardson P.C., and am lead counsel for the Plaintiffs in the above-referenced case. A true and correct copy of my online professional biography, which accurately describes my education and professional experience, is attached hereto as Exhibit A.

3. I have worked on this case since its inception and have also supervised all work on the case performed by two other Fish & Richardson attorneys, Kenneth Darby and David Morris.

4. Mr. Darby, an associate attorney at Fish & Richardson, performed a large portion of the work for OCA-GH on the appeal. A true and correct copy of Mr. Darby's online

professional biography, which accurately describes his education and professional experience, is attached hereto as <u>Exhibit B</u>.  Mr. Darby is a 2015 honors graduate of the University of Texas School of Law and has been an employee of Fish & Richardson since 2010, having received his license to prosecute patents before the United States Patent and Trademark Office in 2009. Based on his lengthy experience as a legal professional and his relatively high degree of skill for his tenure as a licensed attorney, Mr. Darby is considered a fourth-year associate by Fish & Richardson and billed out as such.

    5. Mr. Morris, who is of counsel at Fish & Richardson, also performed work for OCA-GH on the appeal and in connection with the earlier motion for fees.  A true and correct copy of Mr. Morris's online professional biography, which accurately describes his education and professional experience, is attached hereto as <u>Exhibit C</u>.  Mr. Morris has worked as an attorney at large firms since graduating from the University of Virginia School of Law in 2001, and has been a litigator since March of 2003, working on a wide range of complex cases in federal and state trial and appellate courts.

    6. I have provided opinion testimony regarding the reasonableness and necessity of attorneys' fees on several occasions.  I am familiar with the amounts typically charged by attorneys for complex trial and appellate litigation in state and federal courts in this state and, in particular, in Austin.  I am also familiar with the amount of time required to undertake the various tasks involved in cases such as this one in federal court, including on appeal. Specifically, I have significant experience with briefing and arguing in federal appellate court. This includes but is not limited to: preparing and responding to briefs and preparing for and arguing at hearings.

7. Attached hereto as <u>Exhibit D</u> is a true and correct copy of a listing of the time spent by Fish & Richardson in this case subsequent to prevailing on summary judgment. The time entries listed are ones that were not covered by the Court's earlier award. To simplify the Court's analysis of the requested award amount, time entries for the work of paralegals have been removed.

8. Some of the time entries on <u>Exhibit D</u> reflect what is called "block billing" by some, in that the bills do not break projects into specific tasks. At this point in time, the reconstruction of those entries with greater detail is not possible. However, the work product before the Court (for example, brief and argument preparation) evidences the specific tasks comprising the work recorded. Furthermore, the hours recorded were actually expended on the tasks stated, and it is my opinion that the hours expended on each task and in litigating this case in general by each of the attorneys at Fish & Richardson were reasonable and necessary and not duplicative. It is also my opinion that the lodestar rates previously awarded by the Court ($400 per hour for my time, $300 per hour for Mr. Morris's time, and $250 per hour for Mr. Darby's time) are especially reasonable for this case based on the experience of the attorneys, the complexity of the case, and the efficiency with which Fish & Richardson litigated this case (in the case of travel time during which work was not performed, it is reasonable to apply a 50% reduction to the hourly rate). It should also be noted that Mr. Morris, Mr. Darby, and I are all attorneys whose time and skills are in high demand, and all three of us were taken away from other, billable work by our work on this case—work that would have paid rates significantly higher than these.

9.Lastly, it has been my practice in prior cases taken on a *pro bono* basis to donate some or all of any fee recovery to *pro bono* legal services in the Austin area. As previously represented, I would expect that we will continue this practice with any recovery in this case.

10.Attached hereto as <u>Exhibit E</u> are true and correct copies of documents supporting expenses incurred by Fish & Richardson P.C. in connection with preparing for and participating in the argument before the Fifth Circuit regarding this case. The total amount of Fish & Richardson's expenses incurred on behalf of OCA-GH for such items is $2,752.75. It is my opinion that these expenses were reasonably and necessarily incurred.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 14, 2018.

/s/ *David Hoffman*
David Hoffman