IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA GREATER HOUSTON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:15-CV-679-RP |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Organization of Chinese Americans-Greater Houston's ("OCA") Motion for Post-Judgment Attorneys' Fees, Costs, and Expenses, (Dkt. 87), along with a response filed by Defendants State of Texas and Rolando Pablos, in his official capacity as the Secretary of State of Texas (collectively, "Defendants"), (Dkt. 88). Having considered the parties' arguments, the record, and the relevant law, the Court will grant OCA's motion.

**I. BACKGROUND**

On August 12, 2016, the Court granted summary judgment against Defendants. (Order, Dkt. 60). OCA subsequently moved to recover attorney's fees and costs, (Dkt. 64), which the Court granted in part. (Dkt. 73). In doing so, the Court approved Plaintiff's counsel's hourly rates as reasonable. (*Id.* at 6).

Since the Court's order awarding prejudgment attorney's fees and costs, the parties have engaged in postjudgment litigation. Defendants appealed four issues in the Court's summary judgment order: OCA's organizational standing, sovereign immunity, the merits of OCA's claim, and the scope of the Court's injunction. (*See* Resp. Mot. Att'y Fees, Dkt. 89, at 3). The Court of Appeals for the Fifth Circuit ruled in Defendants' favor only on the final issue. *OCA-Greater Houston v. Texas*, 867 F.3d 604, 609 (5th Cir. 2017). Because it found the Court's injunction to be overbroad,

the Fifth Circuit remanded this action to this Court to narrow its injunction. *Id.* at 616. The Court did so. (Dkt. 84). OCA then moved for postjudgment attorney's fees and costs. (Mot. Att'y Fees, Dkt. 87).

**II. DISCUSSION**

"In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310(e). A prevailing party is one who has obtained a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Davis v. Abott*, 781 F.3d 207, 214 (5th Cir. 2015) (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). In other words, a prevailing party is one who has "succeeded on any significant claim affording it some of the relief sought," or "receive[d] at least some relief *on the merits* of his claim." *Id.* (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) and *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit"). Typically, "an injunction or declaratory judgment, like a damages award, will . . . satisfy [the prevailing-party] test." *Davis*, 781 F.3d at 214 (quoting *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012) (per curiam)). Defendants agree that OCA is a prevailing party based on at least three of the issues appealed. (Resp. Mot. Att'y Fees, Dkt. 89).

OCA argues that it should receive a fee award because it prevailed on appeal. (Mot. Att'y Fees, Dkt. 87). According to OCA, the only issue before the Court is the reasonableness of the hours for which it seeks compensation. (*Id.* at 3).[1] Defendants agree that OCA is entitled to a fee

---

[1] Defendants do not contest the reasonableness of Plaintiff's counsel's hourly rates. (Resp. Mot. Att'y Fees, Dkt. 89). Plaintiff's counsel seeks compensation at the same rates the Court previously found to be reasonable. (*Compare* Mot Att'y Fees, Dkt. 87, at 5, *with* Order, Dkt. 73, at 6).

2

award but disagree that the number of hours is the only issue; not only do Defendants believe that OCA seeks compensation for an unreasonable number of hours, (Resp. Mot. Att'y Fees, Dkt. 89, at 3–4), but they also seek a 25 percent reduction of OCA's total fee request because OCA only prevailed on three of the four issues appealed, (*id.* at 1–3).

*A. Partial-Success Reduction*

Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. However, in determining the reasonableness of a fee award, a court "may not use 'a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.'" *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 679 (5th Cir. 2015) (quoting *Hensley*, 461 U.S. at 435 n.11). That said, "the Supreme Court did not categorically bar the use of math." *Id.* Rather, what *Hensley* prohibits is the diminution of a prevailing party's fee award based on the success of only a subset of several alternative grounds for the same relief. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee."). On the other hand, when a party receives less relief than it sought, a court may use its equitable judgment to reduce the fee award to account for the party's limited success. *Id.* at 436–37. Moreover, when a party pursues different relief for distinct claims, a court may proportionally reduce a fee award according to the ratio of successful to unsuccessful claims. *Allstate*, 802 F.3d at 679; *see also Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, 1999 WL 1131554, at *5 (5th Cir. 1999) ("When the plaintiff has prevailed as to some claims, and failed as to others, the key is whether the successful and unsuccessful claims are based upon the same facts and legal theories, i.e. whether the claims are related."). In *Allstate*, for example, an insurer initially claimed that a medical provider defrauded it through unnecessary referrals for 721 patients; it later dropped its claims relating to 166

3

of those patients, and a jury found in the insurer's favor for claims relating to only 391 patients. *Id.* at 672. Because the insurer prevailed on its claims for 391 out of the original 721 claims (54 percent), the district court reduced the insurer's fee award by the same proportion. *Id.* The Fifth Circuit held that doing so was not an abuse of discretion. *Id.* at 679.

*Allstate* does not disturb the rule that "a partially prevailing party may recover all reasonably incurred attorney fees, even though the party did not prevail on all claims, as to all defendants, or as to all issues in a matter." *Coleman*, 1999 WL 1131554, at *5 (citing *Hensley*, 461 U.S. at 434–35; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995); *Cobb v. Miller*, 818 F.2d 1227, 1233 (5th Cir. 1987)). Even when a party does not prevail on distinct and separable legal issues, *Allstate*'s holding does not compel a proportional reduction in the party's fee award; it merely permits it. *See Allstate*, 802 F.3d at 679. Ultimately, the court retains "discretion in making [the] equitable judgment" to reduce a fee award to account for a party's limited success. *Hensley*, 461 U.S. at 437.

OCA's partial success warrants a limited reduction, but not of the magnitude that Defendants propose. The scope of injunctive relief—the only issue on which OCA did not prevail—was not equal in importance or attention to the issues on which OCA did prevail. The predominant focus of the Fifth Circuit's opinion was OCA's standing and the merits of the case; those issues likewise consumed an outsize share of the parties' briefing. *OCA-Greater Houston v. Texas*, 867 F.3d at 609–614. Meanwhile, the scope of relief played both a minor role in both the parties' argument and in the case's result. For example, OCA devoted only 43 seconds at oral argument to the scope of relief. (Reply Mot. Att'y Fees, Dkt. 92, at 3). By the time of oral argument, moreover, the state had already substantially implemented the Court's first injunction. (*Id.*).

"[T]he most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. On appeal, OCA prevailed on the issues that mattered a great deal to the success of their litigation and

4

lost on an issue that had a minor effect on the results of their litigation. OCA prevailed on the merits of the case and established the statutory violation they had argued throughout this action. *OCA-Greater Houston*, 867 F.3d at 614–15. The revised injunction provides the relief sought by OCA throughout this litigation and gives effect to the statutory right they sought to vindicate. (*See* Order, Dkt. 84, at 7). It would be inequitable to reduce OCA's fee award by 25 percent simply because the scope of injunctive relief was one of four issues on appeal. The four issues on appeal were not of equal weight.

Because the scope-of-relief issue is distinct and separable from the other issues on appeal (rather than simply being an alternative basis for relief), it is appropriate to reduce OCA's fee award for failing to prevail on that issue. *See Allstate*, 802 F.3d at 679. Moreover, because the narrower injunction directly influences the results OCA obtained, the Court should account for the narrowed injunction's impact on OCA's results in its fee award. *See Hensley*, 461 U.S. at 436–37. Because the narrower injunction's effect on OCA's results is slight, it is reasonable to reduce OCA's fee award by a limited amount. The Court will reduce OCA's postjudgment fee award by five percent.

*B. Reasonability of Hours*

OCA seeks $83,555 in attorney's fees and $3,187 in costs. (Mot. Att'y Fees, Dkt. 87, at 3–6). In the Fifth Circuit, courts "first calculate the lodestar," and then decide whether to "enhance or decrease it based on the twelve *Johnson* factors."[2] *Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016). Among those factors, "the most critical factor" is the "degree of success obtained." *Id.* (citing *Hensley*, 461 U.S. at 436). The lodestar, which "is presumed reasonable," "is equal to the

---

[2] The twelve *Johnson* factors are: (1) "[t]he time and labor required;" (2) "[t]he novelty and difficulty of questions;" (3) "[t]he skill requisite to perform the legal service properly;" (4) "[t]he preclusion of other employment by the attorney due to acceptance of the case;" (5) "[t]he customary fee;" (6) "[w]hether the fee is fixed or contingent;" (7) "[t]ime limitations imposed by the client or the circumstances;" (8) "[t]he amount involved and the results obtained;" (9) "[t]he experience, reputation, and ability of the attorneys;" (10) "[t]he undesirability of the case;" (11) "[t]he nature and length of the professional relationship with the client;" and (12) "[a]wards in similar cases." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

5

number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392. "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (internal quotation marks and alternations omitted).

OCA's fee request represents a lodestar calculation using hourly rates that the Court has already determined to be reasonable and which Defendants do not contest. (*See* Order, Dkt. 73, at 6; Resp. Mot. Att'y Fees, Dkt. 89). Defendants contest only the number of hours for which compensation is requested; they argue that several hours are excessive and duplicative. (Resp. Mot. Att'y Fees, Dkt. 89, at 3–4). Specifically, they argue that the Court should not award OCA fees for four attorneys' hours spent preparing for, traveling to, and participating in oral argument when only one OCA attorney argued the case and when Defendants sent only one attorney to the oral argument. (*Id.* at 4). Defendants also ask the Court not to award related costs for the same reasons. (*Id.*).

The Court does not find the fees and costs related to the three attorneys who did not argue before the Fifth Circuit to be excessive or duplicative. The Court credits the averments of plaintiff's counsel that these three attorneys were not merely "passive observers." (Reply Mot. Att'y Fees, Dkt. 92, at 4 (quoting Resp. Mot. Att'y Fees, Dkt. 89, at 3)). It is common for a team of attorneys to prepare for oral argument, as there are obvious benefits to having multiple attorneys organize and refine an argument outline and to participate in mock arguments. (*See* Reply Mot. Att'y Fees, Dkt. 92, at 4). At oral argument, the additional attorneys assisted the principal attorney by taking notes of issues to be addressed on rebuttal. (*Id.*). The hours spent by these attorneys are reasonable and non-duplicative. Because the lodestar is presumed reasonable and Defendants offer no other objections, the Court will award OCA fees in the amount of the lodestar figure, adjusted downward by five percent to account for OCA's partial success on appeal.

6

## III. CONCLUSION

For the reasons given above, OCA's Motion for Post-Judgment Attorneys' Fees, Costs, and Expenses, (Dkt. 87), is **GRANTED**. OCA is entitled to reimbursement of reasonable expenses in the amount of $82,564.93, which represents $79,377.25 in fees and $3,187.68 in costs.

**SIGNED** on November 28, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE