IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **OCA-GREATER HOUSTON,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **STATE OF TEXAS,** *et al.*, <br><br> **Defendants.** | **Civil Action No. 1:15-cv-00679-RP** |

### PLAINTIFF'S MOTION FOR MODIFICATION OF THE 2018 PERMANENT INJUNCTION

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

    A. 2018 Litigation between OCA-GH and Defendants ................................................. 2

    B. Passage of SB1 ........................................................................................................... 4

III. ENFORCEMENT OF SB1 WILL VIOLATE THE 2016 ORDER AND 2018 INJUNCTION ........................................................................................................................ 5

    A. Amended SB1 Provisions Contradict the 2018 Injunction ....................................... 5

        1. Amended SB1 Section 64.031 ...................................................................... 5

        2. Amended SB1 Section 64.034 ...................................................................... 5

        3. Amended SB1 Section 64.0322 .................................................................... 7

    B. Defendants Likely Has and Certainly Will Violate the Injunction by Enforcing SB1 ............................................................................................................ 7

        1. Defendants Must Enforce SB1 to Avoid Negligence of Its State Prescribed Duties ......................................................................................... 7

        2. Defendants Should Not Be Allowed to Experiment With Calculated Disobedience of the 2018 Injunction ......................................................... 10

IV. THIS COURT MAY MODIFY ITS 2018 INJUNCTION ............................................... 11

    A. Legal Authority ........................................................................................................ 11

    B. Analysis .................................................................................................................... 12

        1. SB1 Did Not Exist in 2018 .......................................................................... 12

        2. Enforcement of SB1 Will Deprive Disenfranchised Voters the Right to Assistors of Their Choice As Guaranteed by Section 208 ..................... 12

V. CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**                                                                                               Page(s)

*Baum v. Blue Moon Ventures, LLC*,
   513 F.3d 181 (5th Cir. 2008) ...................................................................................... 11

*Curtis v. Brunsting*,
   860 F'Appx. 332 (5th Cir. 2021) ................................................................................. 11

*Exxon Corp. v. Tex. Motor Exch. of Houston, Inc.*,
   628 F.2d 500 (5th Cir. 1980) ...................................................................................... 12

*Horne v. Flores*,
   557 U.S. 433 (2009)............................................................................................. 11, 12

*League of United Latin American Citizens v. City of Boerne*,
   Civil Action No. SA-96-CV-808-XR, 2013 WL 12231416 (W.D. Tex. Feb.
   20, 2013) ......................................................................................................................... 1

*McComb v. Jacksonville Paper Co.*,
   336 U.S. 187 (1949)............................................................................................. 10, 11

*OCA-Greater Houston v. Texas*,
   867 F.3d 604 (5th Cir. 2017) .............................................................................. 2, 5, 13

*PNC Bank, N.A. v. 2013 Travis Oak Creek GP, LLC*,
   1:17-CV-584-RP, 2018 WL6433312 (W.D. Tex. Sept. 27, 2018) (Pitman, J.) ...... 11

*U.S. v. Oakland Cannabis Buyers' Co-op*,
   532 U.S. 483 (2001)..................................................................................................... 11

**Statutes**

52 U.S.C. 10508 ............................................................................................................. 6

Tex. Elec. Code § 31.001 ............................................................................................... 7

Tex. Elec. Code § 31.003 ............................................................................................... 8

Tex. Elec. Code §31.0004(a) ......................................................................................... 9

Tex. Elec. Code § 31.004(a) .......................................................................................... 8

Tex. Elec. Code § 61.033 ....................................................................................... 2, 3, 4

Tex. Elec. Code § 64.031 ............................................................................................ 4, 5

Tex. Elec. Code § 64.034 .................................................................................... *passim*

Tex. Elec. Code § 64.0321 ................................................................................................ 2, 3, 5, 6

Tex. Elec. Code § 64.0322 ................................................................................................... *passim*

Tex. Elec. Code § 276.018(b) ....................................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 60(c)(1) .............................................................................................................. 11

Plaintiff Organization of Chinese Americans-Greater Houston ("OCA-GH"), moves the Court, to reopen[1] the case and for a revision of the permanent injunction entered on May 15, 2018 (Dkt. 84) to include newly added SB1 provisions 64.031, 64.034 and 64.0322. Enforcement of SB1 amended provisions 64.031, 64.034 and 64.0322 would violate the objective of the injunction and would cripple voting rights protected by decades of Section 208 precedent.

## I.    INTRODUCTION

The Voting Rights Act "recognizes time and again that 'the right to vote' means more than the mechanics of marking a ballot or pulling a lever." Order Granting Plaintiff's Motion for Summary Judgment at 18 (Dkt. 60) (citing *U.S. v. Berks Cty.*, 250 F. Supp. 2d 525, 536 (E.D. Pa. 2003)). The Fifth Circuit affirmed, and this Court crafted an injunction enjoining Defendants from enforcing sections of the Texas election law that violate Section 208 of the Voting Rights Act. *See generally* Revised Permanent Injunction at 17-18 (Dkt. 84). Without having petitioned this Court for a modification or clarification of the permanent injunction, Defendants now brazenly seek to violate the injunction by enforcing election laws that flatly contradict Section 208, this Court's 2016 Summary Judgment Order, the Fifth Circuit's holdings, and the 2018 permanent injunction. OCA-GH requests this Court to revise its 2018 permanent injunction to include the amended SB1 provisions in violation, and so to inhibit Defendants from taking a calculated experimentation with disobedience of the injunction.

---

[1] This action was closed on January 4, 2019. (Dkt. 94). Cases may be reopened to modify an injunction as "district courts have continuing power to modify their existing injunctions." *See League of United Latin American Citizens v. City of Boerne*, Civil Action No. SA-96-CV-808-XR, 2013 WL 12231416 at *4 (W.D. Tex. Feb. 20, 2013).

## II.   BACKGROUND

### A.   2018 Litigation between OCA-GH and Defendants

OCA-GH filed a Complaint on August 6, 2015 challenging Texas Election Code Sections 61.032[2], 61.033[3] and 64.0321[4] (the "Enjoined Election Codes") for violating Section 208 of the Voting Rights Act ("Section 208"). The Enjoined Election Codes impermissibly restricted a voter's choice of assistor and limited a voter's coverage to assistance inside the voting booth. This Court agreed and granted summary judgment against the State of Texas and then Texas Secretary of State Carlos Cascos ("Defendants") on August 12, 2016. ("2016 Order") (Dkt. 60). On August 30, 2016, the Court enjoined "the Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcement of those provisions." (Dkt. 66). The 2016 Order defined "voting" in Section 208 as a *process* beyond the "mechanics of marking a ballot or pulling a lever." 2016 Order at 18; *aff'd OCA-Greater Houston*, 867 F.3d 604 at 615 (5th Cir. 2017) ("To vote, therefore, plainly contemplates more than the mechanical act of filling out the ballot sheet. It includes steps in the voting process before entering the ballot box, 'registration,' and it includes steps in the voting process after leaving the ballot box."). The 2016 Order stated that to guarantee each citizen the "equal opportunity to vote includes…bring[ing] into the voting booth a person whom the voter trusts and who cannot intimidate him." *Id.* Equal opportunity to vote includes a voter's right to assistance "navigat[ing] polling stations and communicat[ing] with election officers" and "understand[ing] and fill[ing] out any required

---

[2] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." Tex. Elec. Code § 61.032.
[3] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." Tex. Elec. Code § 61.033.
[4] "Assisting a voter includes the following conduct by a person other than the voter that occurs while the person is in the presence of the voter's ballot or carrier envelope: (1) reading the ballot to the voter; (2) directing the voter to read the ballot; (3) marking the voter's ballot; or (4) directing the voter to mark the ballot." Tex. Elec. Code § 64.0321.

forms." *Id.* at 19. A voter "must be able to do so with the assistance of 'a person whom [they] trust [] who cannot intimidate [them].'" *Id.* The Court implemented this definition of "voting" in crafting relief and a permanent injunction.

Defendants appealed the Court's grant of summary judgment and its injunction. The Court of Appeals for the Fifth Circuit affirmed this Court's summary judgment order and remanded the case for entry of a narrower injunction.

On May 15, 2018, this Court entered an order and permanent injunction ("2018 Injunction") enjoining "Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcing Texas Election Code Section 64.0321 or Texas Election Code Section 61.033." 2018 Injunction at 7. (Dkt. 84). Defendants were enjoined from limiting an assistor's actions to 1) reading the ballot to the voter; 2) directing the voter to read the ballot; 3) marking the voter's ballot; or 4) directing the voter to mark the ballot. *Id.* at 7-8. The 2018 Injunction allowed a voter to receive assistance "from a person of their choosing regardless of whether they identify that person as their 'assistor' or 'interpreter.'" *Id.* at 8. Defendants were also enjoined from requiring an interpreter to be a registered voter of the county in which the voter needing the interpreter resides. *Id.*

The 2018 Injunction explicitly explained that "so long as that person is eligible to provide assistance under Section 208" other additional requirements such as "not a registered voter, is registered to vote in a different county, is not of age to vote, or is not a United States citizen" are immaterial. *Id.* The Court additionally enjoined Defendants to implement a remedial plan:

1) Defendants shall revise training and instructional materials for state and county election officials to remove language that reflects the substance of Sections 61.033 and 64.0321. Specifically, such training and instructional materials **shall no longer state that (a) an interpreter must be registered to vote in the same county as the voter; or (b) that assisting a voter is limited to conduct that occurs while the person is in the presence of the voter's ballot or carrier envelope**. This component of the Court's

      injunction shall apply only to training or instructional materials published more than six weeks after the date of this order.

2) Defendants shall distribute notice to all county elections departments clarifying that they are not to enforce Sections 61.033 and 64.0321. The notice should explicitly explain that an **eligible voter is entitled to receive assistance from a person of their choosing**, even if the person is not a registered voter, is registered to vote in a different county, is not of age to vote, or is not a United States citizen, **so long as that person is eligible to provide assistance under Section 208**. The notice should also explain that an eligible voter is entitled to receive assistance from a person of their choosing regardless of whether they identify that person as their 'assistor' or 'interpreter.' The notice may be distributed through any means, electronic or otherwise, reasonably calculated to inform county election officials that they are not to enforce Sections 61.033 or 64.0321. Defendants shall issue this notice no later than three months after the date of this order.

2018 Injunction at 8 (Dkt. 84) (emphasis added).

### B. Passage of SB1

On September 7, 2021, Governor Abbott signed SB1, also known as The Election Integrity Protection Act of 2021. SB1 amended sections 64.031, 64.034 and 64.0322 of the Texas Election Code. Amended section 64.031 now only allows a voter to request assistance in "marking or reading the ballot." Tex. Elec. Code § 64.031. Amended section 64.034 mandates an assistor to take an oath, affirming under penalty of perjury[5], that (1) the assisted voter has "represented to [the assisted voter] that they are eligible to receive assistance" or else "the voter's ballot may not be counted," (2) assistance is limited to "reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot" and (3) that they "not communicate information about how the voter has voted to another person." Tex. Elec. Code § 64.034. Amended section 64.0322 now requires an assistor to submit a form prescribed by the Secretary of State's Office declaring their name and address, their relationship to the voter and whether they "received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee." Tex. Elec. Code § 64.0322.

---

[5] Penalty for perjury is considered a "state jail felony." Tex. Elec. Code § 276.018(b).

**III.    ENFORCEMENT OF SB1 WILL VIOLATE THE 2016 ORDER AND 2018 INJUNCTION**

   **A.    Amended SB1 Provisions Contradict the 2018 Injunction**

      **1.    Amended SB1 Section 64.031**

By limiting a voter's assistance to only "marking or reading the ballot," Section 64.031 directly contradicts the 2016 Order and 2018 Injunction's definition of voting in Section 208. In the 2016 Order, "voting as referenced in Section 208 includes not only the mechanical reading and marking of a ballot, but all other activities required of voters at a polling place to meaningfully and effectively exercise their right to vote." 2016 Order at 19; *OCA-Greater Houston v. Texas*, 867 F.3d 604, 615 (5th Cir. 2017) ("To vote, therefore, plainly contemplates more than the mechanical act of filling out the ballot sheet. It includes steps in the voting process *before entering* the ballot box, 'registration,' and it includes steps in the voting process *after leaving* the ballot box.") (emphasis added). Section 208 thus permits an assistor to provide whatever "assistance to vote" is needed by the voter, not just restricted to the "marking or reading of a ballot." Yet, in limiting voting assistance to just that, section 64.031 contradicts Section 208, the 2016 Order and 2018 Injunction and the holdings of the Fifth Circuit.

      **2.    Amended SB1 Section 64.034**

Amended SB1 section 64.034 contains oath requirements for those providing assistance to voters that were explicitly enjoined by the 2016 Order and 2018 Injunction. Despite the clear language and intent of this Court, the new statute brazenly mandates an oath with language *identical* to the enjoined language from Section 64.0321 (see below), under the guise of new section 64.034. Thus, implementing Section 64.034 would necessarily implement the substance of Section 64.0321, unlawfully narrowing the assistance that may be provided to voters in violation of the 2016 Order and 2018 Injunction.

| *Enjoined Language from Section 64.0321* | *SB1's Oath from Amended Section 64.034* |
|---|---|
| For purposes of this subchapter and Sections 85.035 (Assisting Voter) and 86.010 (Unlawfully Assisting Voter Voting Ballot by Mail), assisting a voter includes the following conduct by a person other than the voter that occurs while the person is in the presence of the voter's ballot or carrier envelope: **(1) reading the ballot to the voter; (2) directing the voter to read the ballot; (3) marking the voter's ballot; or (4) directing the voter to mark the ballot**. | "I will confine my assistance to **reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot;**" |

Amended Section 64.034 requires additional oath requirements not present in Section 208, such as that an assistor must affirm, under penalty of perjury, that (1) the assisted voter has "represented to me [the assistor] that they are eligible to receive assistance" or else "the voter's ballot may not be counted," and (2) pledge to not communicate how the assisted voter voted. Tex. Elec. Code § 64.034. The 2016 Order and 2018 Injunction enjoined Defendants to distribute a clarifying notice explaining that "an eligible voter is entitled to receive assistance from a person of their choosing…so long as that person is *eligible to provide assistance under Section 208*." 2018 Injunction at 8 (emphasis added). Whether that person is a registered voter, is registered to vote in a different county, is not of age to vote, is not a United States citizen, or identifies as an "assistor" or "interpreter" is immaterial, as long as that person qualifies under Section 208[6]. *Id.* The key is whether an assistor is eligible to provide assistance *under Section 208*, and so whether the assistor can keep a vote secret, is irrelevant. Mandating this additional requirement, not present in Section 208, conflicts with the 2018 Injunction, and enforcing such requirement violates the 2018 Injunction.

---

[6] Section 208 only asks an assistor to deny that they are not "the voter's employer or agent of that employer or officer or agent of the voter's union." Section 208, 52 U.S.C. 10508.

### 3. Amended SB1 Section 64.0322

SB1 section 64.0322 requires an assistor to submit a form prescribed by the Secretary of State's Office, provide their relationship to the voter and identify any compensation by a political campaign or candidate. Tex. Elec. Code § 64.0322. Again, Section 208 demands no such requirements and an assistor only need to qualify under Section 208. A voter would impermissibly by denied their choice of assistor if the chosen individual were unwilling or unable to disclose political affiliations or sources of compensation and sign the new required form.

### B. Defendants Likely Has and Certainly Will Violate the Injunction by Enforcing SB1

#### 1. Defendants Must Enforce SB1 to Avoid Negligence of Its State Prescribed Duties

As shown by the language above, SB1's new restrictions on voter assistance are directly at odds with Section 208 and the determinations of this Court in the present case. However, the injunction in this case does not forbid the state legislature from passing a bill in violation of Section 208 nor the Governor from signing one. Rather, the injunction is directed towards the Secretary of State's office from enforcing a state law that violates Section 208. In this case, the requirements of SB1 and the stated policies of the Secretary's office show that the Secretary of State's Office will be enforcing the incompatible sections of SB1 and thus must be enjoined from doing so.

First, the "secretary of state is the chief election officer of the state" and therefore required to enforce election laws as part of its legal duties. Tex. Elec. Code § 31.001(a). Enforcement obliges the secretary of state to "prescribe the design and content…of the forms necessary for the administration of this code." *Id.* at 31.001(b). The secretary of state must also:

> "[O]btain and maintain uniformity in the application, operation, and interpretation of this code and of the election laws outside this code. In performing this duty, the secretary shall prepare detailed and comprehensive written directives and instructions relating to and based on this code and the election laws outside this code. The secretary shall distribute

these materials to the appropriate state and local authorities having duties in the administration of these laws." *Id.* at 31.003.

The secretary of state must additionally "assist and advise all election authorities with regard to the application, operation, and interpretation of the…election laws outside this code." *Id.* at 31.004(a). Amended provision 64.0322 correspondingly requires the "secretary of state [to] prescribe the form required by this section." Tex. Elec. Code § 64.0322(b). Defendants will *have to* update current election forms, guidances for poll workers and must enforce SB1 to comply with its duties under Texas Election Code Sections 31.001, 31.003 and 31.004. Violation of the permanent injunction is imminent and inevitable.

Second, it is the stated policy of the Secretary of State's Office to administer and provide guidance on Texas voting laws. The Secretary of State's website declares that it "ensur[es] the uniform application and interpretation of election laws throughout Texas." *See* Ex. 1 ("About the Office" screen capture) at 1 attached hereto. In providing guidance, Defendants publish a handbook titled "Qualifying Voters on Election Day 2020" for Election Clerks and Judges ("Handbook"), which has been regularly updated since at least 2008. *See generally* Ex. 2 (Handbook); Ex. 3 at 1 (Election Advisory Notice No. 2015-08)("[SOS] is updating the qualifying the voters handbook and the online poll worker training to include the following instruction [in accordance with an updated Texas Election Code section]."). The Handbook is currently waiting to be updated. *See, e.g.*, Ex. 4 (showing Handbook is updated almost yearly). Notably, Secretary of State John Scott has already started enforcing SB1 provisions on forensic audit. *See* Press Release, ICYMI: Secretary John Scott: Full Forensic Audit will Restore Faith in Texas Elections (Nov. 22, 2021) https://www.sos.state.tx.us/about/newsreleases/2021/112221.shtml.

While these facts make it clear that the Secretary of State's office will (and most likely has already started) provide guidance that conflicts with the injunction, in the interest of trying to avoid

a dispute, on October 29, 2021, Plaintiff sent a letter to the Secretary of State's office cautioning that the new SB1 provisions, 64.031, 64.034 and 64.0322 "restrict a voter's choice of assistor and restrict the scope of 208's assistance provisions to the voting booth, in violation of Section 208 of the Voting Rights Act and the District Court's permanent injunction." Ex. 5 at 1 (October 29, 2021 Letter to Secretary of State Office). Plaintiffs further requested confirmation that the "Secretary of State's office do not plan to implement or enforce the new provisions [amended sections 64.031, 64.034 and 64.0322]," and send "no guidance or notices…to any state or county election officials directing them to enforce any inconsistent provisions of SB1." *Id.* at 4. As of the filing date of this Motion, Plaintiff has received no response to this letter, and SB1 went into effect on December 2, 2021.

Imminent distribution of election guidance that conform with SB1 and refusal to certify non-enforcement shows that Defendants will inevitably violate the objective of the 2016 Order and 2018 Injunction. The Handbook was last revised January 2020 and will need to be updated to conform with SB1. *See* Ex. 2 at 1 (Handbook Chapter 3, Section A.6 (*rev. 2020*)); *see, e.g.*, Ex. 4 (Handbook revised almost yearly). Defendants also teach an Online Poll Worker Training Program ("Training Program") that "mirrors" the Handbook. *See* Ex. 3 at 1, Ex. 6 at 1 ("[SOS] is updating the qualifying the voters handbook and the online poll worker training to include the following instruction [in accordance with an updated Texas Election Code section]."). While the Training Program is not open to the public, Defendants will inevitably have to update this program to conform to SB1 and the Handbook, to "assist and advise…election authorities with regard to the application, operation, and interpretation…of the election laws." Tex. Elec. Code §31.0004(a). Now that SB1 requires each assistor to sign an Oath, that oath will also be revised to include the enjoined language from section 64.0321 and SB1 mandated requirements missing from Section

208 – such as swearing under penalty of perjury and refraining from communicating about a voter's vote.  *See* Tex. Elec. Code § 64.034; Ex. 7 (Current Oath form).  Defendants' eventual completion of its legally prescribed state duties will violate the objective of the permanent injunction and they must be enjoined from doing so.

### 2. Defendants Should Not Be Allowed to Experiment With Calculated Disobedience of the 2018 Injunction

Defendants cannot and should not be allowed to hide behind SB1's amended sections to subvert the 2016 Order and 2018 Injunction.  While the 2016 Order and 2018 Injunction does not specifically name the amended SB1 provisions, as these provisions did not exist in 2018, the Court nonetheless has the power to revise its 2018 Injunction to include "measures designed to avoid the legal consequences of the [2016 Order and 2018 Injunction]." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 at 193 (1949).  The Court "need not sit supinely by waiting for some litigant to take the initiative" because "[v]indication of its authority through enforcement of its decree does not depend on such whimsical or fortuitous circumstances." *Id.* at 194.  While *McComb* concerns a contempt motion, the Supreme Court heavily admonished respondents for working around an injunction because any leniency "would give tremendous impetus to the *program of experimentation with disobedience of the law*." *Id.* at 192 (emphasis added).  *McComb* warned against such behavior:

> The instant case is an excellent illustration of how it could operate to prevent accountability for persistent contumacy.  Civil contempt is avoided today by showing that the specific plan adopted by respondents was not enjoined.  Hence a new decree is entered enjoining that particular plan.  Thereafter the defendants work out a plan that was not specifically enjoined.  Immunity is once more obtained because the new plan was not specifically enjoined.  And so a whole series of wrongs is perpetrated and a decree of enforcement goes for naught.

*Id.* at 192-93.

When a party takes a "calculated risk" and "adopt[s] measures designed to avoid the legal consequences of the Act," they are not unwitting victims of the law. *Id.* at 193. Defendants "knew full well the risk of crossing the forbidden line" and manipulate the 2016 Order and 2018 Injunction in the exact method *McComb* warned against – by amending previously compliant election codes, and adding new section numbers to include previously enjoined language. Defendants could have petitioned this Court for a "modification…of the order." *Id.* at 192. But they did not. Defendants could have petitioned this Court for a "clarification or construction of the order." *Id.* But they did not. Defendants "undertook to make their own determination of what the [injunction] meant" and should not be allowed to succeed. *Id.*

## IV. THIS COURT MAY MODIFY ITS 2018 INJUNCTION

### A. Legal Authority

"In the exercise of [federal court's] equity jurisdiction, courts have discretion to modify an injunction based upon a weighing of the public interest." *U.S. v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 495 (2001). The court may modify[7] an injunction based on "a significant change in factual conditions or in law" and if that change renders continued enforcement "detrimental to the public interest." *PNC Bank, N.A. v. 2013 Travis Oak Creek GP, LLC*, 1:17-CV-584-RP, 2018 WL6433312 at *2, (W.D. Tex. Sept. 27, 2018) (Pitman, J.); *see* Fed. R. Civ. P. 60(b)(5) & (6); *Horne v. Flores*, 557 U.S. 433, 447 (2009) (A party may request modification of a permanent injunction if applying the injunction is "no longer equitable" but also for "any other reason that justifies relief."). An injunction modification request "may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne,* 557 U.S. at 447; *see Baum v. Blue*

---

[7] A Rule 60(b)(5)-(6) motion to modify an injunction "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiffs filed this Motion only a few weeks after SB1 went into effect on December 2. *Cf Curtis v. Brunsting*, 860 F'Appx. 332, 335 (5th Cir. 2021)(finding request to obtain relief unreasonable because it was filed more than two years after first discovery of misconduct).

*Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) ("modification is not a means by which a losing litigant can attack the court's decree collaterally") (citing *U.S. v. Swift & Co.*, 286 U.S. 106, 119 (1932)).

"[Injunction modification] serves a particularly important function in…institutional reform litigation in which 'changes in governing law…warrant reexamination of the original judgment.'" *Horne*, 557 U.S. at 447.  A "critical question in this [] inquiry is whether the *objective of the…order…has been achieved.*"  *Id.* at 450 (emphasis added).  When the "original purposes of the injunction are not being fulfilled in any material respect," the court may modify and "impose more stringent requirements."  *Exxon Corp. v. Tex. Motor Exch. of Houston, Inc.*, 628 F.2d 500, 503 (5th Cir. 1980).

    **B.**    **Analysis**

        **1.**    **SB1 Did Not Exist in 2018**

The Court has the power to revise its 2016 Order and 2018 Injunction because the law has undisputedly changed since 2018 – SB1 did not exist in 2018 – and continued enforcement of the injunction as it currently applies to Texas Election Code sections 64.0321 and 61.033 will cripple decades of established voting rights.  While the 2016 Order and 2018 Injunction specifically addressed the flawed election code provisions, *as they existed in 2018*, Defendants should not be able to escape the Court's orders and injunction by amending previously compliant sections or creating new inconsistent sections that violate the objective of the 2016 Order and 2018 Injunction, which is to give voters "the right to be assisted by persons of *their* choice."  2016 Order at 18.

        **2.**    **Enforcement of SB1 Will Deprive Disenfranchised Voters the Right to Assistors of Their Choice As Guaranteed by Section 208**

Allowing Defendants to enforce SB1 will chill "and deprive blind, disabled, and non-language minority limited-English voters of any assistance outside the ballot box."  2016 Order at

19. (Dkt. 60). The right to "enjoy the same opportunity to vote… by all citizens" has been enforced since the passage of the VRA in 1965, and again, when Section 208 was added. *Id.* Section 208's objective is to "remedy…disenfranchisement…[o]f voters who are unable to read or write English" and did so by giving these voters the "right to be assisted by persons of their choice." *Id.* at 17-19. Disenfranchised voters must "at a minimum, have the capacity to navigate polling stations and communicate with election officers." *Id.* To do that, they "must be able to understand and fill out any required forms, and [] understand and [] answer any questions directed at them by election officers." *Id.* They "must be able to do so with the assistance of 'a person whom [they] trust [] and who cannot intimidate [them].'" *Id.* (citing S. Rep. 97-417 (1982), available at Dkt. 44-2, at 5).

Defendants now seek to, again, reverse decades of precedent and harm public interest through imminent enforcement of SB1 amended provisions 64.031, 64.034 and 64.0322. They must be stopped from doing so. Enforcement of amended SB1 provision 64.031 will limit voter assistance to only "marking or reading the ballot," a narrow construction of "voting" which runs afoul of the Fifth Circuit's decision, this Court's order and decades of precedence. *See OCA-Greater Houston*, 867 F.3d 604 at 615 ("[t]o vote, therefore, plainly contemplates more than the mechanical act of filling out the ballot sheet…[i]t includes steps in the voting process *before entering* the ballot box, 'registration,' and it includes steps in the voting process *after leaving* the ballot box") (emphasis added); 2016 Order at 18 (Dkt. 60) ("[t]he VRA recognizes time and again that 'the right to vote' means more than the mechanics of marking a ballot or pulling a lever").

Enforcement of amended SB1 provision 64.034 unquestionably violates the letter and objective of the injunction, as the new oath mandated by 64.034 contains language *identical* to the unenforceable and enjoined language from Section 64.0321 and add new requirements nonexistent

in Section 208.  Section 64.0322 similarly adds additional requirements nonexistent in Section 208.  The new requirements missing from Section 208 violates the injunction's objective to give disenfranchised voters "the same opportunity to vote enjoyed by all citizens" by giving them "the right to be assisted by persons of their choice."  2016 Order at 18.  Forcing the voter's chosen assistor to "swear under penalty of perjury that the voter…represented…they are eligible to receive assistance" intimidates the assistor into fear of prosecution for "state jail felony" and adds uncertainty as to whether the voter has "represented" enough that they are "eligible" to receive assistance.  *See* Tex. Elec. Code § 64.034, § 276.018(b).  Maintaining silence and secrecy of a voter's vote as in Section 64.034, submitting a form prescribed by the Secretary of State's Office, and mandatory disclosure of sources of compensation and/or political affiliation as prerequisites to qualify as an assistor, as in Section 64.0322, *takes away* a voter's right to be assisted by a person of their choosing.  These new requirements gives Defendants excessive power to choose an assistor for the voter and frustrates Section 208's very purpose – to give voters "*the right* to be assisted by persons of *their* choice."  2016 Order at 18 (emphasis added).

## V.    CONCLUSION

For the reasons discussed above, Plaintiffs respectfully requests that the Court reopen proceedings and modify the 2018 Injunction to include the amended SB1 provisions 64.031, 64.034 and 64.0322.

Dated: January 31, 2022

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
    David M. Hoffman
    Texas Bar No. 24046084
    hoffman@fr.com
    Kenneth W. Darby*
    Texas Bar No. 24097570
    kdarby@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

    Pengweixi Sun (*pro hac vice* pending)
    rsun@fr.com
    500 Arguello Street, Suite 400
    Redwood City, CA 94063
    Tel: (650) 839-5070
    Fax: (650) 839-5071

ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND ("AALDEF")

    Jerry Vattamala (*pro hac vice*)
    jvattamala@aaldef.org
    Susana Lorenzo-Giguere (*pro hac vice*)
    slorenzo-giguere@aaldef.org
    Patrick Stegemoeller (*pro hac vice*)
    pstegemoeller@aaldef.org
    99 Hudson Street, 12th Floor
    New York, NY 10013
    Tel: (212) 966-5932
    Fax: (212) 966-4303

**COUNSELS FOR PLAINTIFF,
OCA-GREATER HOUSTON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 31, 2022, and it was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman