IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA-GREATER HOUSTON,[1] *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-000679-RP |
| STATE OF TEXAS, et. al *Defendants.* | § § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE 2018 PERMANENT INJUNCTION

Defendants, the State of Texas and Secretary of State John Scott ("Defendants"), respectfully file this Response to Plaintiffs' Motion to Modify the 2018 Permanent Injunction ("Motion"). In support, Defendants would show the following:

### I.   INTRODUCTION

Plaintiff Organization of Chinese Americans-Greater Houston simplistically and broadly characterizes new statutory provisions as if they neatly fall under the ambit of the Court's 2018 injunction, hoping to create a convenient end-run around elementary legal inquiries requiring thorough litigation. Rather than impermissibly stretch an existing injunction, the Court should allow Plaintiff to litigate its statutory challenges in the first-filed litigation currently pending before U.S. District Judge Xavier Rodriguez. The Court should decline Plaintiff's invitation to issue an injunction that the Fifth Circuit has already ruled cannot stand.

---

[1] The Court has noted that Plaintiff Mallika Das passed away prior to the Court's permanent injunction in this case, and that the parties did not suggest her cause of action survived her. *See* Dkt. 60, p. 6. This Response will therefore address only the remaining plaintiff, OCA-Greater Houston.

## II.  BACKGROUND

### A. Procedural History

Plaintiff filed suit in August 2015 seeking to enjoin enforcement of Texas Election Code Section 61.033 ("Section 61.033") under Section 208 of the Voting Rights Act of 1965 ("VRA"). 52 U.S.C. § 10508 (formerly 42 U.S.C. § 1973aa-6).[2] Over the course of the ensuing litigation, the Parties raised and litigated not just Section 61.033, but also another Texas Election Code provision the Court ultimately found also caused Plaintiff's injury, Section 64.0321.[3]

Section 61.033 required interpreters for voters at voting locations to be registered voters of the county in which the voter needed the interpreter resided. Section 64.0321 limited voter assistant activities to four categories ("Voter Assistant Limitations").

The parties filed cross motions for summary judgment.[4] The Court denied Defendants' motion, and granted Plaintiff's, finding that Section 61.033 violated the VRA.[5] In the same Order, the Court enjoined the state from engaging in any practice that denies rights secured under the VRA, and invited briefing regarding additional remedies.[6] The Court then issued another order, which also held that Section 64.0321 violated the VRA, as well as Election Code Section 61.032.[7] Defendants appealed.[8]

The Fifth Circuit largely upheld the Court's findings, except those concerning the scope of the injunction. *OCA-Greater Houston v. Texas*, 867 F.3d 604 (2017) ("*OCA-GR I*"). The Fifth Circuit vacated the injunction as overbroad, holding the Court erred in finding Section 61.032 violated the VRA, and remanded for entry of a narrower injunction, if any injunction was still necessary. *Id.* at 615-

---

[2] Dkt. 1, ¶¶ 2-3.
[3] Dkt. 84, p. 7.
[4] Dkts. 44, 45.
[5] Dkt. 60, p. 21.
[6] *Id*, p. 20.
[7] Dkt. 66, p. 2-3.
[8] Dkt. 69.

16. The Fifth Circuit did not address the Court's finding that Section 64.0321 violated the VRA. *Id.*

On remand, the Court entered a third Order enjoining Defendants ("2018 Injunction").[9] The 2018 Injunction, noting the Fifth Circuit's silence regarding the provision, as well as the Parties' active litigation of it, held Section 64.0321 violated the VRA.[10] The Court also narrowed the scope of conduct prohibited under its injunction.

In addition to a general injunction against enforcement of Sections 61.033 and 64.0321, the 2018 Injunction set out a specific remedial plan that required the Secretary of State to take certain actions.[11] The remedial plan had two parts: Part 1 included requirements for Secretary of State training and instructional materials to county election officials issued more than six weeks following the order; Part 2 required a one-time notice to be sent out no later than three months following the order.[12]

In accordance with the 2018 Injunction, the Secretary of State amended its guidance to county election officials to conform with Part 1, and issued the notice required in Part 2. There has never been any allegation that Defendants failed to meet these remedial requirements until the Motion.

Plaintiffs filed the Motion on January 31, 2022, 14 days before the start of early voting.

**B.  2021 Legislative Changes: SB1**

The 2021 Texas Legislature passed sweeping voting reforms in Senate Bill 1, entitled The Election Integrity Protection Act of 2021 ("SB1"). Acts 2021, 87th Leg., 2nd C.S., Ch. 1 (S.B.1). Plaintiff claims SB1 impermissibly amended three Election Code provisions: (1) it claims SB1 narrowed Section 64.031 and 64.0322 voter assistant requirements such that those provisions now violate the VRA; and (2) it also claims SB1 impermissibly amended Section 64.034 by (a) incorporating the Voter Assistant Limitations into an oath voter assistants must take, and (b) by including additional

---

[9] Dkt. 84.
[10] *Id.* at pp. 3-5.
[11] Dkt. 84, pp. 7-8.
[12] *Id.*, p. 8.

*Defendants' Response to Plaintiff's Motion for Modification of the 2018 Preliminary Injunction*

provisions of the oath that also allegedly violate the VRA ("Additional Oath Requirements"). The Parties agree the provisions challenged in the Motion did not exist in their challenged form when the Court issued the 2018 Injunction.

### C. Defendants' Response to SB1

Attached hereto as Exhibit A is the relevant guidance issued by the Secretary of State to county election officials, entitled, Qualifying Voters on Election Day 2022 ("2022 Guidance"). The 2022 Guidance describes the 2018 Injunction against enforcement of Section 61.033 and 64.0321; it then reproduces Part 1 of the 2018 Injunction's remedial plan verbatim.[13]

The 2022 Guidance proceeds to reference the Voter Assistant Limitations, and describes how they were incorporated into Section 64.034.[14] The Secretary of State unambiguously states it issues the 2022 Guidance in accordance with the 2018 Injunction, making clear that the Secretary of State is not enforcing the Voter Assistant Limitations.[15] The 2022 Guidance then provides the full language of Section 64.034, and notes the provision is the subject of ongoing litigation; the Secretary of State closes by stating it will update the 2022 Guidance based on developments in the litigation.[16]

### D. Plaintiff Has Already Filed Suit Challenging SB1

Plaintiff filed a separate lawsuit challenging various provisions in SB1, including Section 64.034.[17] Plaintiff filed that suit before Governor Abbott even signed SB1.[18] This Court transferred that lawsuit to U.S. District Judge Xavier Rodriguez, who consolidated it with other SB 1 challenges ("Consolidated Litigation").[19] While the Consolidated Litigation includes Plaintiff's claim that Section 64.034 violates Section 208,[20] Plaintiff does not challenge either Sections 64.031 or 64.0322 in that

---

[13] Exh. A, p. 1, § D.3.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *See OCA-Greater Houston, et al. v. Scott, et al.*, Cause No. 1:21-cv-00870-RP.
[18] *See id.*, Dkt. 8.
[19] *See OCA-Greater Houston, et al. v. Scott, et al.*, Consolidated Lead Cause No. 5:21-cv-00844-XR ("Consolidated Litigation").
[20] *See id.*, Dkt. 200 (Plaintiff's Second Amended Complaint, pp. 50-51).

case.[21] Plaintiff's claims in the Consolidated Litigation also challenge other provisions in SB1 not at issue here.[22]

Plaintiff's SB1 claims in the Consolidated Litigation, including its Section 64.034 claim, are hotly contested by the litigants in that case.[23] The parties thereto have already exchanged considerable briefing on Plaintiff's standing to bring its claims, including the Section 64.034 claim.[24]

### III.   ARGUMENT AND AUTHORITY

#### A. Plaintiff's Claims Belong in the Consolidated Litigation

*1. The Court Should Follow the Fifth Circuit's First-Filed Rule*

The court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.[25] When Plaintiff filed its first lawsuit challenging Section 64.034, it believed that challenge had nothing to do with the 2018 Injunction.[26] The Court evidently agreed, and promptly transferred Plaintiff's latest statutory challenge to Judge Rodriguez.

Plaintiff did not consider its new statutory challenges as related to the 2018 Injunction until just four days after State defendants in the Consolidated Litigation filed their motion to dismiss Plaintiff's claims.[27] Plaintiff's October 29, 2021 letter describes objections to Sections 64.031 and 64.0322—neither of which even arguably fall under the 2018 Injunction—yet Plaintiff has yet to plead those challenges in the Consolidated Litigation despite twice amending its complaint.[28]

---

[21] *Id.*
[22] *Id.*
[23] *See id.*, Dkts. 55 (State Defendants' Motion to Dismiss); 137 (Plaintiffs' First Amended Complaint); 175 (State Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint); 200; 240 (State Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint).
[24] *Id.*
[25] *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (5th Cir. 1997) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).
[26] Plaintiff's first SB1 case constitutes its only new statutory challenge that even arguably overlaps with the statutes addressed in the 2018 Injunction. Plaintiff filed its first SB1 case under a new cause number, and made no reference to the 2018 Injunction.
[27] *Cf. id.* at Dkt. 55 and 1:15-cv-00679-RP ("Instant Cause"), Dkt. 96-5.
[28] Instant Cause, Dkt. 96-5; Consolidated Litigation, Dkts. 55, 137, and 200.

The Motion raises three statutory challenges, each of which entail fresh inquiries regarding issues of standing and substantive matters.[29] Even in the case of Section 64.034—the language of which overlaps with that of Section 64.0321—new standing issues arise because, at a minimum, (1) the Secretary of State does not enforce the new provision, and (2) Plaintiff has not shown whether or how it might be injured by an unenforced provision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Even when the Fifth Circuit held Defendants enforced Section 61.033, it held that Plaintiff's injury was "not large." *OCA-GH I*, 867 F.3d at 612. With the Secretary of State not enforcing the challenged provisions, Plaintiff faces a considerable challenge to demonstrate standing. Such issues have already been heavily briefed before a capable and experienced federal district judge.[30]

When Plaintiff filed its SB1 claim, both it and the Court believed that claim—challenging Section 64.034, the most relevant of all Plaintiff's challenges to the 2018 Injunction—belonged in a separate lawsuit. That claim has been litigated by capable counsel before an experienced court ever since. This Court should therefore follow the Fifth Circuit rule, and defer Plaintiff's claims to the first-filed Consolidated Litigation. That Plaintiff has belatedly added statutory challenges to the Instant Cause that plainly fall outside the ambit of the 2018 Injunction only increases the justification for following the Fifth Circuit rule: Plaintiff simply has no basis for asserting such claims in the Instant Cause instead of in the wider-ranging Consolidated Litigation.

   2. *The Motion Seeks Hasty Relief That Is Disfavored in Election-Year Challenges*

Plaintiff's late-in-the-day addition of claims, combined with its race to relief in the Instant Cause, raises concerns regarding timeliness and hastiness. Binding "precedents recognize a basic tenet of election law: When an election is close at hand, the rules of the road should be clear and settled." *DNC v. Wis. State Leg.*, 141 S.Ct. 28, 31 (2020) (Kavanaugh, J., concurring). Even well-intentioned

---

[29] Consolidated Litigation, Dkt. 55, 175, and 240.
[30] Consolidated Litigation, Dkt. 55, 137, 175, 200 and 240.

injunctions often cause more problems than they solve. As the Supreme Court has recognized, "[c]ourt orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam). These concerns apply not only to broad relief, but also to "seemingly innocuous late-in-the-day judicial alterations to state election laws" because even those "can interfere with administration of an election and cause unanticipated consequences." *DNC*, 141 S.Ct. at 31 (Kavanaugh, J., concurring).

To avoid these dangers, the Supreme Court "has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *RNC v. DNC*, 140 S.Ct. 1205, 1207, (2020) (per curiam). The Fifth Circuit takes this precedent very seriously. In the 2020 election cycle, that Court repeatedly stayed injunctions that would have interfered with Texas elections. *See, e.g., Mi Familia Vota v. Abbott*, 834 F. App'x 860, 863 (5th Cir. 2020) (per curiam); *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 244 (5th Cir. 2020) (Higginbotham, J., concurring); *Tex. Alliance for Retired Ams v. Hughes*, 976 F.3d 564, 566-67 (5th Cir. 2020) (per curiam); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 411-12 (5th Cir. 2020).

In light of these concerns, the Court should not allow Plaintiff to escape the full and fair litigation of its SB1 claims in the Consolidated Litigation by granting a quick fix under an existing, but unrelated, permanent injunction.

### B. The SOS Does Not Enforce the Voter Assistant Limitations

Even if Plaintiff's Section 64.034 claim regarding the Voter Assistant Limitations is properly before this Court for consideration under the 2018 Injunction, the claim still fails. Plaintiff readily admits that the 2018 Injunction does not enjoin the Texas Legislature or the Governor, but only addresses the Secretary of State's enforcement of Section 61.033 and 64.0321.[31] The salient inquiry for

---

[31] Instant Cause, Dkt. 96, p. 7.

*Defendants' Response to Plaintiff's Motion for Modification of the 2018 Preliminary Injunction*

the Voter Assistant Limitations contained in Section 64.034 is whether the Secretary of State has enforced those requirements in contravention of the 2018 Injunction.

The 2022 Guidance correctly informs county election officials about the existing injunction, and explains how the new statute includes statutory language giving rise to the 2018 Injunction. The 2022 Guidance further affirms the Secretary of State's commitment not to enforce the problematic provisions (even assuming the Secretary of State had any authority to enforce the challenged provisions, which it does not). In short, the Secretary of State is not enforcing the Voter Assistant Limitations in violation of the 2018 Injunction. Amending the 2018 Injunction is therefore unnecessary and improper, and the Court should deny the Motion.

Moreover, not only does this lack of enforcement raise an impediment to Plaintiff's request to expand the 2018 Injunction on the merits, it also raises standing issues. *See, e.g., Ex parte Young*, 209 U.S. 123, 157 (1908) ("…the defendant state official must have some enforcement connection with the challenged statute."). As discussed above, the Consolidated Litigation has already taken up these issues.

## C. The Remaining Provisions Exceed the Scope of the 2018 Injunction

SB1 amended Sections 64.031 and 64.0322 to create provisions that did not exist in 2016 or 2018, and that were not at issue at the time the Court issued the 2018 Injunction. Likewise, the Additional Oath Requirements in Section 64.034 did not exist and were not at issue in 2018. These new provisions were not, and could not have been, litigated by the Parties preceding the 2018 Injunction.

Plaintiff cannot stretch the existing 2018 Injunction to cover brand new statutory provisions that the Parties have never previously litigated. *NLRB v. Express Pub. Co.*, 312 U.S. 426, 335-36 (1941) ("[T]he mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt

proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged."). An injunction may not encompass more conduct than was requested, or exceed the legal basis of the lawsuit. *Scott v. Schedler*, 826 F.3d 207, 214 (5th Cir. 2016) (citing *Doe v. Veneman*, 380 F.3d 807, 819 (5th Cir. 2004)).

Indeed, this litigation has walked this path before. *OCA-GH I* made clear that the Court may not expand Plaintiff's injury from the specific statutory provision at issue in 2016 by recasting that injury generally as any similar alleged violation of the VRA:

> The district court broadly enjoined Texas from enforcing any provision of its Election Code to the extent it is inconsistent with the VRA. Yet, an injunction must be "narrowly tailor[ed] … to remedy the specific action which gives rise to the order." The injunction here exceeds the scope of the parties' presentation, which was limited to Tex. Elec. Code § 61.033. And more to the point, it exceeds the scope of the OCA's harm.

*OCA-GH I*, 867 F.3d at 616 (quoting *Veneman*, 380 F.3d at 818; citing *Scott*, 826 f.3d at 214 ("We merely remind the district court that its injunction may not encompass more conduct than was requested or exceed the legal basis of the lawsuit."); *Lion Health Servs. Inc. v. Sebelius*, 635 F.3d 693, 703 (5th Cir. 2011) ("As a general principle, 'injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.'") (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)); and *Meltzer v. Bd. of Pub. Instruction or Orange Cty., Fla.*, 548 F.2d 559, 568 (5th Cir. 1977) ("[W]e are guided by the established principle of equity that 'in considering whether to grant injunctive relief a court should imposed upon a defendant no restriction greater than necessary to protect the plaintiff from the injury of which he complains.'"), *aff'd in part and rev'd in part en banc*, 577 F.3d 311 (5th Cir. 1978)).

That Plaintiffs find these newly-minted provisions to be similar in character to those addressed in the 2018 Injunction is unavailing. The Court found Section 61.032 to be similar in character to 61.033 when it enjoined the former provision in 2016, but the Fifth Circuit ruled that district courts may not enjoin enforcement of a statutory provision simply because it is similar in character to

statutory provisions actually litigated by the parties. *OCA-GH I*, 867 F.3d at 615-16.

The importance of actually litigating the challenged provisions is particularly poignant in this case, where standing issues required an evidentiary hearing for the Court to properly evaluate whether Plaintiff had been injured by Section 61.033. *OCA-GH I*, 867 F.3d at 609. Plaintiff has not even briefed its standing relative to the new provisions, much less prevailed in an evidentiary hearing on the matter. On the other hand, the standing inquiry regarding Plaintiff and the new provisions is underway in the Consolidated Litigation, and the result may differ under the new provisions.[32]

Even if these claims are meritorious, the Court cannot expand the 2018 Injunction to address them. Instead, Plaintiff should fully and fairly litigate these new provisions in the Consolidated Litigation, where it first filed suit regarding SB1.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion. Alternatively, if the Court grants the Motion, Defendants respectfully request the Court set a briefing schedule so the Parties may fully address the issues raised by Plaintiff's allegations regarding new statutory provisions, including standing, the nature of enforcement, and other substantive issues.

Respectfully submitted:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

---

[32] *See OCA-Greater Houston, et al. v. Scott, et al.*, Consolidated Lead Cause No. 5:21-cv-00844-XR, Dkt. 175, p. 1 ("At hearing on November 16, the Court warned Plaintiffs to 'file an amended complaint to cure the[] deficiencies" identified by the State Defendants.") (citing Dkt. 175-1, p. 12); *cf. id.* at Dkt. 55, pp. 8-16.

*Defendants' Response to Plaintiff's Motion for Modification of the 2018 Preliminary Injunction*

> THOMAS A. ALBRIGHT
> Chief - General Litigation Division
>
> */s/ Ryan G. Kercher*
> RYAN G. KERCHER
> Texas Bar No. 24060998
> Assistant Attorney General
> Office of the Attorney General
> P.O. Box 12548, Capitol Station
> Austin, Texas 78711-2548
> Phone: 512-463-2120
> Fax: 512-320-0667
> Ryan.Kercher@oag.texas.gov
>
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

> */s/ Ryan G. Kercher*
> RYAN G. KERCHER