IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCA GREATER HOUSTON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:15-CV-679-RP |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Organization of Chinese Americans-Greater Houston's

("OCA") Motion for Modification of the 2018 Permanent Injunction, (Dkt. 96), Defendants State of

Texas and Secretary of State John Scott's ("Defendants") Response, (Dkt. 101), and OCA's Reply,

(Dkt. 103). On April 18, 2022, the Court held a hearing at which it heard argument on the Motion

from the parties. (Minute Entry, Dkt. 108). Having considered the parties' briefs and arguments at

the hearing, the Court will grant in part and deny in part OCA's motion, as discussed below.

## I. PROCEDURAL HISTORY

On August 12, 2016, the Court entered an order granting summary judgment against the

State of Texas and Carlos Cascos, who was sued in his official capacity as the Texas Secretary of

State[1] (collectively, "Defendants"). (August 12th Order, Dkt. 60). On August 30, 2016, after

considering the parties' filings, this Court entered another order clarifying the relief described in its

August 12th Order. (August 30th Order, Dkt. 66). In that order, the Court found that Texas

---

[1] Carlos Cascos has since been succeeded in office by John Scott.

Election Code ("the Election Code" or "TEC") Sections 61.032,[2] 61.033,[3] and 64.0321[4] were

inconsistent with Section 208 of the Voting Rights Act ("VRA"), ("Section 208"). (*Id.* at 2–3). The

Court then enjoined "the Defendants, their employees, agents, and successors in office, and all

persons acting in concert with them, from enforcement of those provisions." (*Id.* at 3).

Defendants appealed the Court's grant of summary judgment and its injunction. *See OCA-*

*Greater Houston v. Texas*, 867 F.3d 604, 607 (5th Cir. 2017). On August 16, 2017, the United States

Court of Appeals for the Fifth Circuit ("Court of Appeals") upheld the Court's grant of summary

judgment but found the injunction to be overbroad. *Id.* at 615–16. It then vacated the injunction and

remanded the case to this Court for entry of a new remedy. *Id.* The Court of Appeals found that the

injunction "exceeds the scope of the parties' presentation, which was limited to Tex. Elec. Code. §

61.033." *Id.* The Court then entered a narrower injunction (the "2018 Injunction") limited only to

Tex. Elec. Code. §§ 61.033 and 64.0321. (Dkt. 84). Specifically, the Court reaffirmed that Section

61.033 was inconsistent with and preempted by Section 208, and therefore enjoined Defendants

from enforcing this provision. (Summ. J. Order, Dkt. 60, at 20; Revised Injunction, Dkt. 84, at 7);

*OCA-Greater Houston*, 867 F.3d at 615. Further, the Court held that Section 64.0321 was properly

placed at issue by the parties and within the scope of the injunction, and thus enjoined enforcement

of this provision as well. (Revised Injunction, Dkt. 84, at 7).

On September 7, 2021, Governor Greg Abbott signed into law S.B. 1, which contained

provisions modifying many sections of the Election Code. At issue here are amended sections

---

[2] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." Tex. Elec. Code § 61.032.
[3] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." Tex. Elec. Code (2015) § 61.033.
[4] "For purposes of this subchapter and Sections 85.035 and 86.010, assisting a voter includes the following conduct by a person other than the voter that occurs while the person is in the presence of the voter's ballot or carrier envelope: (1) reading the ballot to the voter; (2) directing the voter to read the ballot; (3) marking the voter's ballot; or (4) directing the voter to mark the ballot." Tex. Elec. Code § 64.0321.

64.031[5], 64.034[6], and 64.0322[7], which OCA claims contravene the Court's 2018 Injunction. On

January 31, 2022, OCA filed a Motion for Modification of the 2018 Permanent Injunction to cover

the challenged provisions of S.B. 1. (Mot. Modify, Dkt. 96). The Court received briefing from the

parties and held a hearing on April 18, 2022. For the reasons set forth below, the Court will grant in

part and deny in part that motion.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 60(b) allows a party to request relief from an order such as

an injunction if applying the injunction is no longer equitable or for "any other reason that justifies

relief." Rule 60 provides a means to alter an order based on either "a significant change in factual

conditions or in law" which renders continued enforcement "detrimental to the public interest."

*Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384

(1992)). The party seeking modification bears the burden of establishing that a significant change in

---

[5] "A voter is eligible to receive assistance in marking or reading the ballot, as provided by this subchapter, if the voter cannot prepare or read the ballot because of: (1) a physical disability that renders the voter unable to write or see; or (2) an inability to read the language in which the ballot is written." Tex. Elec. Code § 64.031.

[6] "A person, other than an election officer, selected to provide assistance to a voter must take the following oath, administered by an election officer at the polling place, before providing assistance: 'I swear (or affirm) under penalty of perjury that the voter I am assisting represented to me they are eligible to receive assistance; I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot; I will prepare the voter's ballot as the voter directs; I did not pressure or coerce the voter into choosing me to provide assistance; I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is provided to a voter who is not eligible for assistance, the voter's ballot may not be counted.'" Tex. Elec. Code § 64.034.

[7] "(a) A person, other than an election officer, who assists a voter in accordance with this chapter is required to complete a form stating: (1) the name and address of the person assisting the voter; (2) the relationship to the voter of the person assisting the voter; and (3) whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee. (b) The secretary of state shall prescribe the form required by this section. The form must be incorporated into the official carrier envelope if the voter is voting an early voting ballot by mail and receives assistance under Section 86.010, or must be submitted to an election officer at the time the voter casts a ballot if the voter is voting at a polling place or under Section 64.009." Tex. Elec. Code § 64.0322.

circumstances warrants revision of the order. *See id*; *PNC Bank, N.A. v. 2013 Travis Oak Creek GP, LLC*, 1:17-CV-560-RP, 2018 WL 6433312, at *2 (W.D. Tex. Sept. 27, 2018). A request to modify an injunction "may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne*, 557 U.S. at 447; *see Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 187 (5th Cir. 2008) ("[M]odification is not a means by which a losing litigant can attack the court's decree collaterally[.]") (citing *U.S. v. Swift & Co.*, 286 U.S. 106, 119 (1932)). The key question is whether the objective of the preliminary injunction is still being served. *See Horne*, 557 U.S. at 447.

## B. Discussion

The Court here limits its consideration to the text of the 2018 Injunction, focusing on whether the challenged provisions of S.B. 1 directly conflict with that order. Defendants raise defenses related to enforcement power, other pending litigation, and the timing of challenges to election laws.[8] (Resp., Dkt. 101, at 5–8). None of those concerns is relevant here, as the Court confines itself to the narrow language of its own prior order.[9] Just as it did previously, the Court finds Defendants to be proper parties to this action in light of the Secretary of State's obligations in enforcing and administering election laws.[10] S.B. 1 undisputedly changed the Election Code, and so the Court is within its power to modify its injunction if it finds the new provisions inconsistent with that order. Based on a comparison between the language of the 2018 Injunction and the challenged

---

[8] The Court agrees with OCA that its filing eight months prior to the November 2022 election, and the Court's instant ruling, are far from the "eve of an election, and provide Defendants sufficient time to conform their conduct to the injunction in anticipation of the election, particularly when weighed against the important voting rights OCA seeks to protect. (Reply, Dkt. 103, at 6–7); *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2006); *Tex. Alliance for Retired Ams v. Hughs*, 976 F.3d 564 (5th Cir. 2020); *Democratic Nat'l Comm. v. Bostelmann*, 977 F.3d 639, 642 (7th Cir. 2020); *Tex. Democratic Party v. Abbott*, 461 F. Supp. 3d 406 (W.D. Tex. 2020).

[9] Even if the first filed rule were relevant, there is no question that this 2015 case was filed before the 2021 challenges to S.B. 1 that Defendants claim take precedence. (*See* Resp., Dkt. 101, at 5).

[10] As OCA notes, the "secretary of state is the chief election officer of the state" whose enforcement responsibilities oblige the Secretary to "prescribe the design and content . . . of the forms necessary for the administration of this code," and to prepare "instructions relating to and based on this code and the election laws" to "distribute . . . to the appropriate state and local authorities" to "maintain uniformity in the application, operation, and interpretation of this code," Tex. Elec. Code §§ 31.001(a)–(b), 31.003.

S.B. 1 provisions, the Court is convinced that some of the provisions do violate the injunction. These provisions constitute conduct already enjoined by the Court that violates Section 208 in the same manner as the previously-enjoined conduct. As such, the Court will modify the injunction only to maintain its original effect.

The invalidities in the amended portions of the Election Code revolve around the Court's prior holding with regard to Section 64.0321. As explained in the Court's 2018 Injunction Order, that Section "limits [the] right to assistance to conduct that occurs in the voting booth," contrary to what is "permitted by Section 208." (2018 Injunction, Dkt. 84, at 7). The undersigned enjoined enforcement of Section 64.0321 as, "because it limits voters' right to assistance, Section 64.0321 causes the injury articulated by OCA throughout this litigation." (*Id.*). Similarly here, the Court will modify the injunction only to the extent that the amended provisions "limit [the] right to assistance to conduct that occurs in the voting booth," as is consistent with its previous order.

<u>1. Section 64.031</u>

OCA first seeks to enjoin Section 64.031, which sets out the criteria for eligibility for voter assistance. The provision specifies that assistance pertains only to "marking or reading the ballot." Tex. Elec. Code § 64.031. As discussed above, the Court's 2018 Injunction specifically prohibited enforcement of limitations on the type of voting activity eligible for assistance. Indeed, in its 2016 Summary Judgment Order, the Court found that "'voting' as referenced in Section 208 includes not only the mechanical reading and marking of a ballot, but all other activities required of voters at a polling place to meaningfully and effectively exercise their right to vote." (Summ. J. Order, Dkt. 60, at 19); *see OCA-Greater Houston v. Texas*, 867 F.3d 604, 615 (5th Cir. 2017) ("To vote, therefore, plainly contemplates more than the mechanical act of filling out the ballot sheet. It includes steps in the voting process before entering the ballot box, 'registration,' and it includes steps in the voting process after leaving the ballot box."). By limiting the activities eligible for assistance to "marking or

reading the ballot," Section 64.031 creates impermissible restrictions on assistance inconsistent with the Court's prior injunction and orders, the Fifth Circuit's opinion, and Section 208. Therefore, the Court will modify its injunction to prohibit Defendants from enforcing Section 64.031 as amended by S.B. 1.

### 2. Section 64.034

OCA next seeks to enjoin enforcement of the amended Section 64.034, which imposes on assistors a requirement to take an oath as part of their assistance. OCA's challenge to this provision has two parts. First, it claims the amended language of the oath is identical to the language in Section 64.0321 that the Court previously enjoined in 2018. Second, OCA claims the newly added requirements that assistors attest to voter eligibility and refrain from communicating how the assisted voter voted extend beyond the requirements of Section 208 and are therefore invalid. On the first score, the Court agrees with OCA; on the second, without expressing any opinion as to the merits of the argument, the Court must disagree.

As to the first ground, OCA notes that a portion of the amended oath now reads exactly as did the enjoined language in Section 64.0321. A portion of the oath now requires the assistor to attest to confining their assistance to "reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot." Tex. Elec. Code § 64.034. The enjoined language permits assistance in "(1) reading the ballot to the voter; (2) directing the voter to read the ballot; (3) marking the voter's ballot; or (4) directing the voter to mark the ballot." Tex. Elec. Code § 64.0321. Aside from changes in punctuation, the language is indistinguishable. Thus, the Court's reasoning in enjoining Section 64.0321 applies to the amended oath language just as it applied in the 2018 Injunction. (*See* 2018 Injunction, Dkt. 84, at 7). By requiring assistors to attest to following enjoined restrictions, the amended provision essentially re-ratifies the same restrictions that the Court enjoined. In doing so, the oath limits assistance-eligible

voting to an impermissibly narrow set of activities. Therefore, as with the previous iteration of this language, the Court will enjoin enforcement of the portion of Section 64.034 inserting the previously enjoined language from Section 64.0321.

Regarding the remaining challenged portions of Section 64.034, the Court finds these additional attestations are beyond the scope of OCA's initial challenge and are not directly implicated by the 2018 Injunction. Although a Court may rightly find that these provisions too run afoul of Section 208, this Court is not empowered to engage in that inquiry at this stage of the litigation. As Defendants note, OCA has filed a separate lawsuit challenging Section 64.034, among other provisions, and that case is the proper vehicle by which to test the constitutionality of Election Code requirements not previously before this Court. (Resp., Dkt. 101, at 4); *see OCA-Greater Houston, et al. v. Scott, et al.*, Consolidated Lead Cause No. 5:21-cv-00844-XR. Therefore, the Court declines to modify its 2018 Injunction with respect to the remaining portions of Section 64.034.

### 3. Section 64.0322

Finally, OCA asks the Court to enjoin Section 64.0322, which institutes a new required form for assistors to fill out and file. OCA claims the requirement imposes a heightened burden on assistors that is found nowhere in the VRA, and therefore violates Section 208 by exceeding its provisions. (Mot. Modify, Dkt. 96, at 7). The Court expresses no opinion as to the constitutionality of that requirement, as the form requirement was not before the Court previously and cannot be considered at this juncture. (*See* Resp., Dkt. 101, at 8). While Section 64.0322 may be related to OCA's underlying challenge to the extent that it implicates Section 208, the Court has not considered a provision of this type. It cannot reasonably be argued that the 2018 Injunction covered a nonexistent form requirement, and so the Court is without power to entertain such arguments here. As such, the Court will deny OCA's motion as to Section 64.0322.

7

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that OCA's Motion for Modification of the 2018 Permanent Injunction, (Dkt. 96), is **GRANTED IN PART** and **DENIED IN PART**, consistent with the injunction below. Specifically, OCA's Motion is **GRANTED** with respect to Sections 64.031, 64.0321, and a portion of 64.034 as set out in the injunction below, and **DENIED** as to Section 64.0322 and the remaining portions of Section 64.034.

**IT IS FURTHER ORDERED** that OCA's Unopposed Motion for Hearing, (Dkt. 104), and Unopposed Motion to Expedite Hearing, (Dkt. 105) are **MOOT**.

All other relief not specified here or in the injunction below is **DENIED**.

### IV. MODIFIED INJUNCTION

In light of the considerations discussed above, the Court **ENJOINS** Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from enforcing Texas Election Code Sections 64.031 or 64.0321. The Court further **ENJOINS** Defendants from enforcing the portion of Texas Election Code Section 64.034 reading: "I will confine my assistance to reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot."

Additionally, the Court further **ENJOINS** Defendants to implement a remedial plan consistent with the following terms:

1) Defendants shall revise training and instructional materials for state and county election officials to remove language that reflects the substance of Sections 64.031, 64.0321, or the portion of 64.034 identified above. Specifically, such training and instructional materials shall no longer state that assisting a voter is limited to conduct that occurs while the person is in the presence of the voter's ballot or carrier envelope. This

component of the Court's injunction shall apply only to training or instructional materials published more than six weeks after the date of this order.

2) Defendants shall distribute notice to all county elections departments clarifying that they are not to enforce Sections 64.031, 64.0321, or the portion of 64.034 identified above. The notice should explicitly explain that an eligible voter is entitled to receive assistance from a person of their choosing, so long as that person is eligible to provide assistance under Section 208, and that assistance is not limited to marking or reading the ballot or otherwise limited to conduct that occurs in the voting booth. The notice may be distributed through any means, electronic or otherwise, reasonably calculated to inform county election officials that they are not to enforce 64.031, 64.0321, or the portion of 64.034 identified above. Defendants shall issue this notice no later than three months after the date of this order.

**SIGNED** on June 6, 2022.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE